QUANAH, A. & P. RY. CO. v. COLLIER et al. (No. 87–2893.)

(Commission of Appeals of Texas, Section A. Nov. 12, 1919.)

1. CARRIERS ⟊230(8)—INSTRUCTIONS; DELAY IN TRANSPORTING LIVE STOCK.

In an action against a railroad by shippers of live stock for damages from delay in transit by loss of a market, the shippers' case being founded on negligence, the railroad was entitled to have it properly defined to the jury, and the requested charge, defining negligence and fault as used in an issue submitted, should have been given.

2. COMMERCE ⟊35—INTERSTATE AND INTRASTATE SHIPMENT OF LIVE STOCK.

A shipment of live stock from a point in Texas to Kansas City was interstate until it reached a point in Texas from which it was forwarded to another point in Texas under another contract made by the shippers with another railroad, to which the initial carrier was not a party, after which the shipment was intrastate.

3. TRIAL ⟊352(4) — SUBMISSION OF ISSUE WITHOUT EVIDENCE ERRONEOUS.

In action for delay in shipment of cattle so that a market was lost, in the absence of evidence that another railroad, which handled the shipment after defendant railroad, was guilty of negligence in failing to transport with

reasonable care and dispatch, the issue whether the cattle could have reached the market in time, had the second road transported them promptly, was properly not submitted.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Action by R. L. Collier and J. W. Chalk against the Quanah, Acme & Pacific Railway Company. From a judgment for plaintiffs, defendant appealed to the Court of Civil Appeals, which affirmed (179 S. W. 96), and defendant brings error. Judgments of the Court of Civil Appeals and trial court reversed, and cause remanded for new trial, on recommendation of the Commission of Appeals.

D. E. Decker, of El Paso, for plaintiff in error.

T. T. Bouldin, of Mineral Wells, and C. D. Russell, of Plainview, for defendants in error.

TAYLOR, J. Defendants in error, Collier and Chalk, sued the plaintiff in error, Quanah, Acme & Pacific Railway Company, for damages to 11 carloads of cattle, on account of delay in shipment. The trial resulted in a judgment for defendants in error, and the Court of Civil Appeals affirmed the judgment. 179 S. W. 96.

The cattle were loaded on plaintiff in error's cars at Roaring Springs, Tex., for shipment to Kansas City, with the privilege of the Oklahoma City market. The route of shipment designated was to Quanah, Tex., over the plaintiff in error's line, and from that point to Kansas City, via Oklahoma City, over the St. Louis & San Francisco Railway Company's road. The train of the Frisco Company, with which it was necessary to make connection at Quanah on the agreed routing, was due there at 5 o'clock p. m.

It was arranged by defendants in error with the plaintiff in error's local agent that the cattle be yarded in the stock pens at Roaring Springs for loading not later than 8 o'clock a. m. August 12th. Plaintiff in error did not furnish the cars until about 1 o'clock p. m., and in consequence of the delay thus occasioned, the cattle did not arrive at Quanah until about two hours after the Frisco cattle train en route to Kansas City had passed. It became necessary, in view of the connection missed at Quanah, either to hold the cattle there until 5:30 o'clock p. m. the following day, without feed or water, or rebill and divert the shipment to Ft. Worth over the Ft. Worth & Denver Railway Company's line. The latter course was agreed upon and adopted, and the cattle were rebilled to Ft. Worth by defendants in error. The cattle then moved forward over the Ft. Worth & Denver road. They arrived at Ft. Worth too late for sale on August 13th, the day they would have arrived at Oklahoma City in time

for market, had the connection contemplated under the original routing been made at Quanah on the 12th. The cattle were sold on the August 14th market at Ft. Worth, which defendants in error allege was 25 cents per hundredweight lower than the Oklahoma City market on the 13th.

Defendants in error allege that the plaintiff in error negligently detained the cattle at Roaring Springs at least five hours longer than it should have, and that on account of such negligence the loss complained of resulted. The case was submitted on special issues, and the jury found the facts substantially as above stated. It found specifically that defendants in error yarded the cattle at Roaring Springs by 7 o'clock a. m. on the 12th, and that they were not loaded for shipment until 2 o'clock p. m.; that the train left Roaring Springs about an hour later, arriving at Quanah about 8 o'clock p. m. the same day.

The seventeenth issue submitted to the jury was as follows:

"Was it or not, the fault of the Quanah, Acme & Pacific Railway Company that the cattle did not make connection with the Frisco at Quanah and go to the Oklahoma City market August 13, 1913?"

The jury answered that it was.

Plaintiff in error requested the following special charge:

"'Negligence' and 'fault,' as those terms are used in the charge heretofore given you, mean the failure on the part of the defendant to exercise that degree of care which an ordinary prudent man would exercise under like or similar circumstances. When defendant exercises that degree of care that an ordinary prudent person uses under like or similar circumstances, then it is not its fault that injury should happen to plaintiff's cattle or that plaintiff should suffer damages."

The charge was refused. The court's general charge, given in connection with the issues submitted, does not define negligence, nor does it contain any explanation of what is meant by the somewhat synonymous term "fault."

[1] Defendants in error's case as alleged is founded on negligence, and plaintiff in error was entitled to have it properly defined to the jury. The requested charge should have been given. R. S. art. 1984a, as added by Acts 33d. Leg. c. 59 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1984a); Knight & Co. v. So. Pac. Ry. Co., 41 Tex. 406.

Plaintiff in error requested the submission of a special issue inquiring whether the cattle would have reached Ft. Worth in time for the August 13th market if the Ft. Worth & Denver had transported them to that point from Quanah with reasonable care and dispatch. Complaint is made of the refusal of the court to submit the issue.

[2] The character of the shipment until it

reached Quanah was interstate. Houston Direct Navigation Co. v. Insurance Co. of North America, 89 Tex. 1, 32 S. W. 889, 30 L. R. A. 713, 59 Am. St. Rep. 17; Roberts, Federal Liabilities of Carriers, vol. 1, p. 264. From Quanah to Ft. Worth it was intrastate, and was forwarded under a new contract made by defendants in error with the Ft. Worth & Denver Railway Company, to which the initial carrier was not a party. Defendants in error sued only the initial carrier. The only materiality of the requested issue in the controversy between the parties to this suit is in determining whether the delay complained of at Roaring Springs was the proximate cause of the damage alleged, or whether the Ft. Worth & Denver caused or contributed to such damage.

[3] The Court of Civil Appeals finds in effect that there was no evidence tending to show the Ft. Worth & Denver was guilty of negligence. In the absence of such evidence, of course, the issue should not be submitted. If, however, upon another trial, there is evidence of failure of duty on the part of that company, the issue should be submitted for the purpose stated.

We are of opinion that the judgments of the Court of Civil Appeals and district court should be reversed, and the cause remanded for another trial.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court. We approve the holding of the Commission on the question discussed.