**WESTCHESTER FIRE INS. CO. v. DICKEY et al. (No. 1366.)** *

(Court of Civil Appeals of Texas. El Paso. Oct. 26, 1922. Rehearing Denied Jan. 4, 1923.)

**1. Appeal and error ⚫═761—Duty of counsel to find and cite cases in briefs.**

It is the duty of counsel to find and cite the cases most directly bearing upon the points urged in order to facilitate the work of the appellate courts under rule 31 (230 S. W. vii).

**2. Trial ⚫═139(1)—Peremptory instruction improper where reasonable minds could differ.**

Where the evidence is such that reasonable minds could properly and consistently differ, the trial court is not justified in giving a peremptory charge.

**3. Insurance ⚫═335(1)—Substantial compliance with bookkeeping requirements sufficient.**

A substantial compliance with clauses in fire insurance policy as to the keeping of books and inventories is sufficient.

**4. Trial ⚫═219—Definition of "substantially" unnecessary.**

It was proper to refuse a special charge defining the term "substantially," not being a legal term as contemplated by Vernon's Sayles' Ann. Civ. St. 1914, art. 1984a, and being in common use.

**5. Trial ⚫═352(1)—The court properly refused instruction erroneous as including question of law and fact.**

The court properly refused, as including both a question of law and of fact, a charge, "Did the defendant W. Co. agree with the plaintiff D. that it would insure his property, consisting of his stock of goods and fixtures, against loss for damage by fire?"

**6. Trial ⚫═352(4)—Special issue properly refused under the evidence.**

In an action on a fire policy, the court properly refused to submit special issue, "Did the plaintiff have an agreement with R. E. G. that the policy sued on in this case was to be submitted to the defendant for its acceptance before it was to become effective?" where R. E. G. testified that he told plaintiff that the application would have to be submitted to the company before the policy would be dismissed, and testified further that it went to the general offices in New York, but there was no testimony from any source that the risk was refused because of the class of policy applied for.

Higgins, J., dissenting.

Appeal from District Court, Knox County; Jas. A. Stephens, Special Judge.

Action by A. T. Dickey against the Westchester Fire Insurance Company and others. Judgment for plaintiff, and the named defendant appeals. Affirmed.

Thompson, Knight, Baker & Harris, of Dallas, for appellant.

D. J. Brookreson, of Benjamin, and J. S. Kendall, of Munday, for appellees.

HARPER, C. J. This is a suit upon a fire insurance policy on stock of merchandise for $1,300 and fixtures, etc., $200. The alleged value of the property destroyed was $2,500.

Defendant's answers were general demurrer, special exceptions, general denial, and specially that it had not sold or delivered any policy of insurance to plaintiff; that, if plaintiff has or holds any policy, same was procured by fraud; that the fire was caused or procured by plaintiff. They pleaded the record warranty clause, in that plaintiff failed to take an inventory, and failed to prepare and keep a complete record of business transactions as provided in the policy, etc. Submitted to a jury upon special issues, and upon the verdict judgment was entered for full amount of policy, from which an appeal is perfected.

The special issues submitted and the answers thereto are as follows:

---

⚫═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error dismissed for want of jurisdiction February 28, 1923.

(1) What was the value of A. T. Dickey's stock of merchandise at the time of the fire on the 10th day of April, 1916? Answer: $2,000.00.

(2) Did the plaintiff substantially perform and fulfill the requirements and provisions of the policy introduced in evidence, as set forth under the record warranty clause? Answer: Yes.

(3) Was the policy sued on herein procured by Dickey of Ragsdale or his clerk, Newsom, through fraud or deceit? Answer: No.

(4) Was the fire that destroyed Dickey's store caused by the act, agency, or procurement of A. T. Dickey? Answer: No.

(5) Was the fire that destroyed Dickey's store caused by the act, agency or procurement of A. H. Beach? Answer: No.

It is urged first that the uncontroverted evidence shows that the plaintiff did not comply with the warranty clauses of the policy: (a) In the matter of taking inventory; (b) in preserving inventory and producing it; (c) and in keeping amount of sales after inventory and in the proper form; and that therefore the court erred in refusing appellant's proffered peremptory instruction for defendant; (d) that the charge given was erroneous, and that the court should have submitted the special charges requested upon these issues; and the other assignments and propositions attack the charge above quoted in the same ways upon the issues of fraudulently obtaining the policy and upon the value of the loss.

[1] There are 17 assignments of error and 18 propositions of law in a 36-page brief, not an authority cited in support thereof, and appellee has supinely rested his case without answer brief. Thus this court is highly complimented, for, in effect, they charge it with full knowledge of the law or with the ability to readily find it. It is the duty of counsel to find and cite the cases most directly bearing upon the points urged. This is to facilitate the work of the appellate courts. Rule 31 (230 S. W. vii).

[2] As to the refusal of peremptory instruction, the evidence is such that reasonable minds could properly and consistently differ respecting the question. In such cases the trial court is never justified in giving a peremptory charge. Ward v. Powell (Tex. Civ. App.) 127 S. W. 851. The first proposition under this assignment is:

"The undisputed evidence showing that the assured kept no record of sales of flour made in the regular course of business, the policy became avoided."

The plaintiff testified as to this flour that "he had it under consignment, paid for it as he sold it," so it was no part of the stock of goods insured.

[3] Again it is urged that, a book kept, in which were the items of goods sold to one Sherrell, a peddler, having been burned up, this voided the policy. This was not the book of daily sales kept for the purpose of complying with the stipulations in the policy. Besides, the plaintiff testified that the daily sales were entered in the book which was produced upon the trial. The testimony shows that plaintiff purchased this business in February, 1915, from one Miller, and some time afterwards plaintiff sold to one Mathis. He testified that during this time he had a ledger and another book used in invoicing the goods; that they were burned up in this fire. Appellant says the failure to preserve these books breached the policy, because it provides that assured shall preserve all inventories of stock taken during the current year and the preceding calendar year which were on hand when the policy was issued. The rule is that a substantial compliance with these warranty clauses is sufficient. Western Ins. Co. v. Kemendo, 94 Tex. 367, 60 S. W. 661.

In Brown v. Palatine Ins. Co., 89 Tex. 590, 35 S. W. 1060, our Supreme Court, speaking through Brown, J., said:

"The evident object on the part of the insurance company was to require of the insured to preserve such evidence as would enable it, with reasonable certainty, to arrive at the amount of loss, in case the property should be destroyed by fire, and it should be called upon to perform its contract of insurance, and thereby guard itself against fraudulent and wrongful claims, if the books kept and produced by the insured served the purpose in view, it should be held a compliance with the contract."

As noted above the plaintiff did not own the establishment nor operate it for several months after this inventory was taken. No one testified whether or not the book burned contained a complete inventory of the goods in the house at the time taken, but, even if it did, or that we might presume that it did, in our opinion it would be of little value after three months' conduct of the business by another owner in arriving at the amount of goods actually in the house at the time of the fire, especially in view of the further fact that an inventory was taken when the plaintiff repurchased the stock, and only a short time before this policy was issued, and this book was produced at the trial, together with a book with an account of the daily sales from that date up to the fire. At least it is in testimony, not contradicted, that such was the case. These books were not copied into the statement of facts, so that we here might pass upon whether they were sufficiently complete to comply with the provisions of the policy. The plaintiff testified that they were complete, and referred to the books in testifying as if they were before the court at the time, and there seems to be no question that they were, so we conclude that it was a question for the jury to determine whether a substantial compliance with the provisions of the policy obtained under all the facts, and we think that the charge of the

court sufficiently covered the issue, so those assignments attacking its sufficiency are overruled.

[4] It is urged in this connection that the court erred in refusing special charge requested by appellant defining the term "substantially." In this there was no error for the reason that it is not a legal term as contemplated by article 1984a, Rev. Stat. (Vernon's Sayles' Ann. Civ, 1914). The word is in common use, and the definition offered, or any other, would not likely have assisted the jury in arriving at a proper verdict. Bay Lumber Co. v. Snelling (Tex. Civ. App.) 205 S. W. 763.

[5] The next error assigned is that the court erred in refusing special charge requested as follows:

"Did the defendant Winchester Fire Insurance Company agree with the plaintiff Dickey that it would insure his property consisting of his stock of goods and fixtures against loss or damage by fire?"

It was not error to refuse this charge because it includes both a question of law and of fact.

Other special issues requested by the defendant and refused are:

"(1) Did the defendant through its agent deliver to plaintiff without any condition attached the policy sued on?

"(2) Did the defendant accept any proposition or request from Dickey that it insure his property?" And

"(3) Did the plaintiff have an agreement with R. E. Ragsdale that the policy sued on in this case was to be submitted to the defendant for its acceptance before it was to become effective?"

As to the first, there is no doubt that the policy was delivered, so it was not necessary to submit such question.

As to the second, there is no evidence in the record to the effect that the defendant company did or did not write the class of policy sued on, nor is there any affirmative evidence that the company did not accept the risk according to the policy issued, so, since the evidence does not justify it, there was no error in refusing to give it.

[6] And this is sufficient reason for refusing to submit the third. Ragsdale testified that he told plaintiff that the application would have to be submitted to the company before the policy would be delivered, and he further testified that it went to the general offices in New York, but there is no testimony from any source that the risk was refused because of the class of policy applied for. We think the questions formed sufficiently covered the issues made by the pleadings and the evidence. As to the ninth, we see no difference between the value of the stock of goods and value of the loss, the entire stock having been destroyed.

We find no bill of exceptions to support the assignment for improper argument of counsel, so it will not be considered.

Finding no error, the cause is affirmed.

HIGGINS, J. (dissenting). In submitting special issues, article 1984a, Revised Statutes provides that the court shall submit such explanations and definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues.

In Railway Co. v. Collier (Tex. Com. App.) 215 S. W. 838, the plaintiff sued to recover damages to a shipment of live stock for alleged negligent delay in transit. The case was submitted upon special issues, and no definition of negligence was given. The defendant requested a charge defining the same which was refused. In an opinion by the Commission of Appeals, the Supreme Court expressly approving the holding on the questions discussed, it was held error to refuse the instruction citing the statute and Knight & Co. v. Railway Co., 41 Tex. 406. The Knight Case was submitted upon special issues, and it was said by Justice Moore:

"And the jury should have such instruction upon them as may be appropriate and necessary to enlighten and aid them in reaching their conclusion."

Appellee Dickey did not literally comply with the provisions of the record warranty clause, but this was not necessary, for, as was held in Brown v. Palatine Insurance Co., 89 Tex. 591, 35 S. W. 1060, the object of the clause is to require the insured to preserve such evidence as would enable the insurance company with reasonable certainty to arrive at the amount of loss in case the property be destroyed by fire. And if the books kept and produced by the insured served such purpose they should be held to be a compliance with the contract.

The second issue submitted by the court was whether the plaintiff substantially performed and fulfilled the requirements and provisions of the policy introduced in evidence as set forth under the record warranty clause. In order for the jury to intelligently answer this question, they should have been appropriately instructed that the books kept and produced by appellee Dickey, in order to comply with the provisions of the clause in question, must have shown with reasonable certainty the amount of loss sustained by Dickey through the fire.

There are a number of assignments presented by the appellant relating to this phase of the charge; one being directed against the court's action in refusing special charge No. 2, requested by the appellant, which reads:

"You are instructed that the term 'substantially perform and fulfill the requirements and provision of the policy introduced in evidence,' as set forth under the record warranty clause,

means such a compliance with said clause as could be ascertained from the books kept by said A. T. Dickey, the amount of merchandise that he had on hand at the time of the fire."

Other charges and special issues were requested by the plaintiff in error relating to the failure to literally comply with the record warranty clause, but for various reasons in my opinion they were properly refused.

Special charge No. 2 is somewhat awkwardly expressed, but it correctly instructed the jury what would constitute a substantial compliance with the record warranty clause. It would have enabled the jury to intelligently pass upon the question presented in the second issue. In my opinion its refusal was reversible error.

For the reasons indicated the writer dissents from the affirmance.