### BLUMROSEN v. BURKE et al.
### No. 1002.

Court of Civil Appeals of Texas. Waco.
Feb. 19, 1931.

Rehearing Denied April 23, 1931.

Callicutt & Upchurch and Richard & A. P. Mays, all of Corsicana, for appellant.

Lovett & Lovett, of Corsicana, and W. A. Tarver, of Austin, for appellees.

ALEXANDER, J.

This was a suit brought in the district court of Navarro county, Tex., by Mose Blumrosen against J. Afton Burke and Sol Gottlieb, to recover from the defendants one-third of the funds which they had received from the sale of an oil and gas mining lease, in which the plaintiff claimed an undivided one-third interest. This is the second time the case has been tried before a jury and in each instance the verdict of the jury was for the defendants. For the former appeal see (Tex. Civ. App.) 296 S. W. 987.

The case arose in this manner: In 1923 Mrs. Esther Blumrosen, mother of the plaintiff, owned the land in question, consisting of forty acres. Her son, the plaintiff, acting under a supposed power of attorney, and for a consideration of $2,000 paid by Burke and Gottlieb, executed and delivered a lease on the land in question to J. Afton Burke, under an agreement whereby the defendants Burke and Gottlieb were to each own an undivided one-third interest in the lease, and the defendant Burke was to convey to Mose Blumrosen a one-third interest therein. In this manner each of the three parties were to hold a one-third interest in the lease. It was the contention of the defendants that this scheme was devised, not for the purpose of investing in the plaintiff Mose Blumrosen a one-third interest in the lease for his own use and benefit, but merely to invest him with the legal title thereto for the use and benefit of his mother, who was the grantor in the lease. Burke immediately executed to Mose Blumrosen an assignment of the one-third interest in the lease. About the time the lease was executed and delivered, a discovery well came in near the land in question and shortly thereafter Mrs. Blumrosen, the grantor in the lease, claimed that she had been overreached and that she had not been given the benefit of all the facts concerning the development in the field at the time she executed the lease. She threatened to bring an action to have the lease set aside on account of fraud. Negotiations were begun between Mrs. Blumrosen and the holders of the lease with the view of adjusting the differences between them on account of the alleged fraud. A settlement was finally reached by which it was agreed that

Mrs. Blumrosen was to retain the $2,000 that had been paid to her by Burke and Gottlieb, and the further understanding that Mrs. Blumrosen's son-in-law Garonzik, as agent for all of the parties, was to sell the lease on a commission of 10 per cent for himself, and Mrs. Blumrosen was to receive one-half of the net proceeds obtained from the sale of the lease. Garonzik sold the lease in parcels to various parties and after deducting his 10 per cent., paid one-half of the remainder to Mrs. Blumrosen and one-half to Burke and Gottlieb. Mose Blumrosen brought this suit against Burke and Gottlieb to recover one-third of the amount paid to them for the sale of said lease.

The case was submitted to a jury on the following special issues and the issues were answered by the jury as follows:

"Question No. 1. Was the Plaintiff, Mose Blumrosen, and the Defendants, J. Afton Burke and Sol Gottlieb, partners in the 40 acre oil lease that is the subject of this controversy? Answer Yes or No. Answer: No.

"Question No. 2. Did the Plaintiff, Mose Blumrosen, have conveyed to him a one-third (⅓) interest in said 40 acre lease in trust for the use and benefit of his mother, Mrs. Esther Blumrosen? Answer Yes or No. Answer: Yes.

"Question No. 3. Did Mrs. Esther Blumrosen ratify the contract and lease entered into between Mose Blumrosen, acting as her agent, and J. Afton Burke, which contract is of date January 8th, 1923? Answer Yes or No. Answer: No.

"Question No. 4. Did Mrs. Esther Blumrosen, acting through her agent Will Garonzik, for a valuable consideration, enter into a new contract with J. Afton Burke, and Sol Gottlieb in settlement of her controversy, if any, with them. Answer Yes or No. Answer: Yes.

"Question No. 5. Did the Plaintiff, Mose Blumrosen, by written conveyance, sell, transfer, assign, surrender or relinquish his right to his portion of the proceeds, if any, received from the sale of the lease, on the 40 acres of land described in the Plaintiff's petition? Answer Yes or No. Answer: Yes.

"Question No. 6. Did the defendant, Sol Gottlieb, before the Plaintiff, Mose Blumrosen had signed an agreement with some of the oil companies purchasing a legal title to the mineral estate in his mother, make a statement to, or assure the Plaintiff, that he would receive his interest in the proceeds of the oil lease, which was then being made? Answer Yes or No. Answer: No."

Based on these findings, the court entered a judgment for the defendants. The plaintiff appealed.

■ Appellant, in his brief, contends that there was no evidence to support the verdict of the jury. It is appellant's contention that since Burke, after obtaining the lease from Mrs. Blumrosen, assigned to appellant a one-third interest in the lease, and since appellant never by any written instrument assigned or released his interest therein to the appellees that he (the appellant) still owned his interest therein and was entitled to his share of the proceeds of the sale thereof. It appears that the assignment from Burke to Mose Blumrosen of a one-third interest in the lease was never recorded. After the compromise agreement was brought about between Mrs. Blumrosen and the holders of the lease, the appellant, in order to consummate the sales made by Garonzik, assigned to his mother the legal title held by him in the lease as to twenty-eight acres of the land and permitted Mrs. Blumrosen and Burke and Gottlieb to assign to the various purchasers the lease on all of the land in question. As stated above, it was the contention of the appellees that the appellant never actually owned any interest in the lease but that at the time he acquired the assignment from Burke to a one-third interest therein he took the same in trust for the use and benefit of his mother who owned the fee. They further contended that at the time the compromise agreement was had with Mrs. Blumrosen, she actually owned the beneficial interest in the one-third interest that had been assigned by Burke to appellant and that under appellees' agreement with Mrs. Blumrosen, by which she received one-half of the proceeds of the sale of the lease as her share thereof, the appellees acquired the full right to the other one-half of the net proceeds of said sale. The jury, in answer to special issue No. 2, found that at the time the appellant had conveyed to him a one-third interest in the 40 acre lease, he took the title to the same for the use and benefit of his mother. The evidence on this issue was conflicting and it thus became an issue of fact for the jury. There was sufficient evidence to support the verdict of the jury on this issue.

■ If Mose Blumrosen actually held the one-third interest in the lease for the use and benefit of his mother, as found by the jury, then he had no beneficial interest therein, but held the mere naked title thereto under a dry trust for his mother, and his mother had the right to make a valid contract for the disposition of the consideration received for the resale of said lease. Moore v. City of Waco, 85 Tex. 206, 20 S. W. 61, at page 63; Brown v. Harris, 7 Tex. Civ. App. 664, 27 S. W. 45; 39 Cyc. pp. 30, 207, 219; Tinsley v. Magnolia Park Co. (Tex. Civ. App.) 59 S. W. 629; So. Pine Lbr. Co. v. Arnold (Tex. Civ. App.) 139 S. W. 917; Estes v. Estes (Tex. Com. App.) 267 S. W. 709; 26 R. C. L. 1264; Cordova v. Lee (Tex. Sup.) 14 S. W. 208. The appellant, by his conveyance to Mrs.

Blumrosen of the title to the lease on 28 acres of land, completely divested himself of the technical legal title thereto. His acquiescence in the sale of the lease on the balance of the acreage by Burke and his mother was binding on him. Since the appellant held no beneficial interest in the lease, he was not entitled to receive any portion of the proceeds of the sale thereof.

■ In answer to special issue No. 4 the jury found that Mrs. Blumrosen, through her agent, entered into a new agreement with Burke and Gottlieb in settlement of the controversy between them. The appellant objected to this issue because it did not inquire whether or not the appellant was a party and consented to such compromise agreement. If appellant held the title to the one-third interest in the lease for the use and benefit of his mother, as found by the jury in answer to special issue No. 2, his mother, for whom he held the title, had the right to make a compromise agreement with reference to the lease without his knowledge or consent, and it was not necessary for him to be a party to such agreement.

■ Appellant objected to special issue No. 2 because the court failed to define the words "in trust" as used therein. We do not think that this is such a technical legal term, especially in the connection in which it was used, as required a legal definition. It is a term that is in general use and well understood by laymen. This is especially true since it was used in connection with the words, "for the use and benefit of his mother." Moreover, the pleadings and evidence make it clear that the issue before the jury was whether the interest in the lease that had been conveyed to appellant was in fact to belong to his mother. The appellant objected to the charge because the term was not defined, but offered no suggestion as to the proper definition thereof and requested no special charge defining the term. We doubt whether the court could have used more simple language in defining the term than was used in the term itself, especially in the connection in which it was used. Walsh v. Schingler (Tex. Civ. App.) 14 S.W.(2d) 872; Dunlop Tire & Rubber Co. v. Teel (Tex. Civ. App.) 14 S.W.(2d) 104; Bay Lumber Co. v. Snelling (Tex. Civ. App.) 205 S. W. 763; Spurlock v. Hilburn (Tex. Civ. App.) 32 S.W.(2d) 396.

■ Appellant, in his brief, complains of the failure of the court to define the terms "valuable consideration" as used in special issue No. 4. However, we do not find that any such objection was made to the charge in the lower court. Without such objection in the lower court, it cannot be made for the first time in this court.

■ Appellant urged various objections to the manner and form in which special issues 1, 3, and 5, were submitted to the jury. It appears, however, that special issue No. 2 was the controlling issue in the case and that if, as found by the jury, the appellant actually owned no interest in the lease, but held the title thereto for his mother, the other issues submitted to the jury were immaterial. If the other issues had been submitted in the form suggested by appellant and if they had been answered in his favor this would not have changed the result of the case. There was nothing suggestive or inflammatory in the manner in which these issues were submitted and it will not be presumed that the manner in which they were submitted in any wise influenced the jury in answer to special issue No. 2. Schaff v. Morris (Tex. Civ. App.) 227 S. W. 199, at page 205; Brokaw v. Collett (Tex. Com. App.) 1 S.W.(2d) 1090; Rathbun v. Miller (Tex. Civ. App.) 266 S. W. 818.

■■ The appellant complains of the manner in which the court charged on the burden of proof. The court told the jury, in substance, that the burden of proof was on the plaintiff to prove by a preponderance of the evidence the matters set forth in special issues 1, 3, and 6, and that the burden was on defendant to prove by a preponderance of the evidence the matters set forth in special issues 2, 4 and 5, and that in determining such issues the jury should consider all of the evidence before them. A similar charge was approved by the Commission of Appeals in the case of Houston & T. C. Ry. Co. v. Stevenson, 29 S.W.(2d) 995, at page 999. See Texas & P. Ry. Co. v. Wylie (Tex. Civ. App.) 36 S.W. (2d) 238. The assignment is overruled.

■ The appellees were permitted by the court, over the objection of appellant, to ask the appellant whether he had any right to represent his mother under the power of attorney, to which the witness answered that he thought he did. The power of attorney executed by Mrs. Blumrosen authorized appellant to execute a lease on 50 acres out of a tract of 110. Appellant had already executed a lease on 50 acres out of this tract and therefore had fully exhausted his power. This occurred before appellant undertook to execute the lease in question, yet he was contending that he had a power of attorney to lease the additional 40 acres and that the lease as so made by him was valid. The inquiry was proper for the purpose of determining whether he had a power of attorney to execute the lease in question.

■ It was the contention of the appellant that on the first trial of the case the appellee Burke did not contend nor testify that the appellant took title to the one-third interest in the lease for the use and benefit

of Mrs. Blumrosen and that Burke's testimony on this trial to that effect was an afterthought. In order to establish this issue the appellant offered in evidence a transcript of the entire testimony given by Burke on the former trial. The court refused to admit the same in evidence. The appellant did not offer any particular part of the record for the purpose of showing a conflict between the evidence given on the trial in the instant case and that given on the former trial, but desired to introduce each and every part of the evidence given on the former trial for the purpose of showing the absence of any evidence therein to the effect that the assignment was taken for the use of Mrs. Blumrosen. The witness, while on the stand, was asked about various portions of his testimony on the former trial and did not deny having given the same. The trial judge in his qualifications to the bill states that the witness admitted that he had not testified on the former trial that appellant was to hold the lease for the use of his mother, saying that he had not been asked any question along that line. The trial judge further states that appellant was permitted to introduce every portion of the witness' testimony given on the former trial in which there was the slightest conflict with his testimony in the case on trial. The appellant accepted the bill with the qualification and is bound thereby. Standard Acc. Ins. Co. v. Williams (Tex. Civ. App.) 4 S.W.(2d) 1023, at page 1027, affirmed (Tex. Com. App.) 14 S.W.(2d) 1015.

Moreover, each of the three attorneys who represented the appellant on the former trial were permitted to testify that they heard the witness on the former trial and had carefully read his evidence given therein and that the witness did not testify to the matters inquired about. We do not think that it would have been proper for the court to have thus encumbered the record with this entire testimony for the purpose of showing the absence of evidence on the matters inquired about, especially where there was available and actually used other competent evidence that did not so burden the record.

What has been said with reference to the refusal of the court to permit the introduction of the testimony of the witness Burke given on the former trial applies alike to the refusal of the court to permit the introduction of the testimony of the appellee Gottlieb given on a former trial.

We have examined all other assignments presented by appellant and consider same to be without merit.

The judgment of the trial court is therefore affirmed.