Dismissed and Majority and Dissenting Opinions filed May 23, 2002














Dismissed and
Majority and Dissenting Opinions filed May 23, 2002.

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00190-CV

____________

 

TASSO TRIANTAPHYLLIS, Appellant

 

V.

 

BRENT GAMBLE, Appellee

 

 

 

On Appeal from
the 234th District Court 

Harris County, Texas

Trial Court
Cause No. 02-08865

 

 

 

O P I N I O
N

            In this accelerated appeal from a
temporary injunction, appellant, Tasso Triantaphyllis, the Democratic Party candidate for Judge of
the 270th District Court of Harris County, seeks a reversal of the trial
court’s order directing Harris County Republican Party officials to place the
name of appellee, Brent Gamble, on the ballot for the
March 12, 2002, Republican Party primary election as a candidate for Judge of
the 270th District Court.  We dismiss the
appeal as moot.




 








Background

            The relevant background facts in
this case may be found in this court’s opinion conditionally granting mandamus
relief to Triantaphyllis.  In re Triantaphyllis, No. 14-02-00065-CV, 2002 WL 172232 (Tex. App.—Houston [14th
Dist.] Jan. 31, 2002, orig.
proceeding).  In that original
proceeding, this court ordered that Gamble’s name be removed from the
Republican Party primary ballot as a candidate for the office of Judge of the
270th District Court because his application was defective.  Id. at
*6.  The party officials complied with
our directive and removed Gamble’s name. 


            Gamble then filed a petition for
writ of mandamus in the Texas Supreme Court. 
Although the majority opinion disagreed with this court’s construction
of the Election Code, the Texas Supreme Court denied mandamus relief.  In re
Gamble, 45 Tex. Sup. Ct.
J. 397, 399-400, 2002 WL 242539 (Feb. 19,
 2002).  The court found
that equitable remedies may be available under limited circumstances to permit
a candidate to amend a defective application after a statutory deadline has
expired when an election official has violated a statutory duty.  Id.  The determination of a party’s entitlement to
equitable relief must “be decided after a hearing on the merits where
interested parties have an opportunity to be heard.”  Id. at
400.  

            Accordingly, on February 20, 2002, Gamble
filed a new lawsuit and requested an immediate temporary injunction hearing and
an expedited hearing on his request for a permanent injunction.  See
Tex. Elec. Code Ann. § 273.081
(Vernon 1986) (“A person who is being harmed or is in danger of being harmed by
a violation or threatened violation of this code is entitled to appropriate
injunctive relief to prevent the violation from continuing or occurring.”)  An evidentiary hearing was held on February 26, 2002.  At the hearing, the trial court inquired
whether the parties would agree to consider both the temporary and permanent
injunctions at the same hearing.[1]  Triantaphyllis did
not agree to waive his right to forty-five days’ notice of trial, and he
declined to proceed with a hearing on the permanent injunction. At the
conclusion of the hearing, the trial court granted a temporary injunction and
set the case for trial on April 15,
 2002.  The trial court’s
mandatory temporary injunction required that Gamble’s name be placed on the
Republican party primary ballot as a candidate for Judge of the 270th District
Court.[2]  Triantaphyllis
filed his notice of appeal on March 1,
 2002.  The primary election
was held on March 12,
 2002.  Each unopposed
primary candidate for Judge of the 270th District Court is now his respective
party’s nominee for the November general election.  

Was
Emergency Relief Necessary?

            In conjunction with his notice of
appeal, Triantaphyllis filed a request for emergency
temporary relief, in which he sought a stay of the trial court’s order.  We denied emergency relief on March 8, 2002.  While this court has the power to make
temporary orders necessary to preserve the parties’ rights until disposition of
an interlocutory appeal, see Tex. R. App. P. 29.3, temporary orders
were unnecessary here.  The mandatory
injunction in this case required Gamble’s name to be placed on the ballot in
the Republican primary election; it did not affect Triantaphyllis’s
right or ability to be named as a candidate on the Democratic primary
ballot.  If Gamble’s name had been
removed from the ballot in the March 12 primary election, he would have lost
any chance to be placed on the ballot as the Republican Party nominee in the
November general election.  To grant a
stay would have effectively reversed the temporary injunction, keeping Gamble’s
name off of the ballot, and rendering the issues on appeal and in the
underlying trial moot.  

            The issuance of a temporary
mandatory injunction is proper when a mandatory order is necessary to prevent
irreparable injury or extreme hardship.  RP&R, Inc., 32 S.W.3d at 400 n.3
(recognizing that a mandatory temporary injunction may be issued to compel an
act when inaction will inflict irreparable harm).  When issuing a temporary injunction, a trial
court should “determine how best to create or preserve a state of affairs such
that it will be able upon conclusion of the full trial to render a meaningful
decision for either party.”  Southwestern Bell Tel. Co. v. Public Util. Comm’n, No. 03-01-00114-CV, 2001 WL 838883, at *4 (Tex.
App.—Austin July 26, 2001, pet. dism’d w.o.j.).  The trial
court’s injunction here preserved an unopposed candidate’s name on the primary
ballot so that a meaningful decision as to his entitlement to be a candidate in
the general election could be made after a full trial.  Accordingly, we denied emergency relief.

Has this
appeal been rendered moot?

            Trial of the permanent injunction
was not stayed pending our disposition of this interlocutory appeal.  See Tex. Civ. Prac. & Rem. Code Ann.
§ 51.014(b) (Vernon Supp. 2002) (appeal of order granting or refusing temporary
injunction does not stay commencement of trial pending resolution of appeal); see also Charter Med. Corp. v. Miller,
554 S.W.2d 220, 223 (Tex. Civ. App.—Dallas 1977, writ
ref’d n.r.e.) (“[T]he most
expeditious way of obviating the hardship of an unfavorable preliminary order
is to try the case on the merits and thus secure a hearing in which both facts
and law may be fully developed; in this way, both trial and appellate courts
may render judgment finally disposing of the controversy.”)  A trial was conducted on April 15, 2002, to
determine whether Gamble can remain as a candidate in the general
election.  At the conclusion of the
trial, on April 15,
 2002, the trial court signed an order granting a permanent
injunction in favor of Gamble.  On April 24, 2002, Triantaphyllis filed his notice of appeal of the permanent
injunction.  

            Triantaphyllis,
who did not have the burden of proof below, chose to have two separate hearings
rather than consolidate them.  Under
these circumstances, we conclude that the general rule concerning appeals of
temporary injunctions applies.  That rule
states that when the trial court renders a final judgment while an appeal of
the granting or denying of a temporary injunction is pending, the case on
appeal becomes moot and must be dismissed. 
Isuani v. Manske-Sheffield
Radiology Group, P.A., 802 S.W.2d 232, 236 (Tex. 1991) (holding appeals
court erred in reaching merits of interlocutory appeal of temporary injunction
after trial court entered permanent injunction).  In the limited time between the filing of the
parties’ briefs and the issuance of the permanent injunction, this court has
been unable to resolve the appellate issues from the temporary injunction.

            Accordingly, we dismiss this appeal
as moot.  All pending motions related to
this appeal are also dismissed as moot.  Triantaphyllis’s appeal of the permanent injunction remains
pending before this court.

 

                                                                                    

                                                                        /s/        Wanda McKee Fowler

                                                                                    Justice

 

Judgment rendered and
Majority and Dissenting Opinions filed May 23, 2002.

Panel consists of Justices
Fowler, Edelman, and Seymore.

Do Not Publish – Tex. R. App. P. 47.3(b).

 








 

Dismissed and
Majority and Dissenting Opinions filed May 23, 2002.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-02-00190-CV

_______________

 

TASSO
TRIANTAPHYLLIS, Appellant

 

V.

 

BRENT GAMBLE, Appellee

________________

On Appeal from
the 234th District Court

Harris County, Texas

Trial Court
Cause No. 02-08865

_________________

 

D I S S E N T I N G   O P I N I O N

            It is undisputed that, if Gamble’s
name had not been on the March 12 primary ballot, regardless of the reason for
its absence therefrom, it could not be placed on the
general election ballot as the Republican nominee.  Conversely, if his name had been placed on
the primary ballot by an erroneous temporary injunction, it is undisputed that
a reversal of the temporary (or permanent) injunction, even after the primary
was held, would effectively remove his name from the primary ballot.  In that event, it would be as if his name had
not been on the primary ballot, and the permanent injunction proceeding held
after the primary election could no more overcome that omission of his name
from the primary ballot than if his name had never been on the primary ballot
in the first place.  Therefore, not only
is the temporary injunction appeal not moot because of the permanent
injunction, but if the temporary injunction appeal is meritorious, it would
render the permanent injunction proceeding and appeal moot.  Accordingly, despite the likely judicial diseconomy
from addressing the appeals of both injunction proceedings on the merits, the
temporary injunction can not properly be dismissed as moot.

 

                                                                                    

                                                                                    

                                                                        /s/        Richard H. Edelman

                                                                                    Justice

 

Judgment
rendered and Majority and Dissenting Opinions filed May 23, 2002.

Panel
consists of Justices Fowler, Edelman, and Seymore.

Do Not
Publish — Tex. R. App. P.
47.3(b).

 

 











            [1]   Although both parties are ordinarily
entitled to a separate trial on the merits on the application for a permanent
injunction, the parties may agree to waive the separate trial, combine the two
proceedings, and try the temporary and permanent injunction in the same
trial.  See Iranian Muslim Org. v. City of San Antonio, 615
S.W.2d 202, 208 (Tex. 1981).





            [2]  There are two types of temporary injunctions
– prohibitive and mandatory.  A
prohibitive injunction forbids conduct, whereas a mandatory injunction requires
it.  RP&R,
Inc. v. Territo, 32 S.W.2d 396, 400 (Tex. App.—Houston [14th
Dist.] 2000, no pet.).