## J. N. BROWN V. SIDON HARRIS ET AL.

### No. 373.

**Land Held in Trust.**—Land was patented to J. de Cordova, trustee of the German Emigration Company, and J. J. Giddings, "relinquishing to them, the said J. de C., trustee of G. E. Co., and J. J. G., heirs, assigns, etc." A deed was executed by J. de C., as trustee of the German Emigration Company, and J. J. G., to Henry F. Fisher. *Held:*

1. That De Cordova appeared to be the depositary of the legal title, constituting a naked trust for the benefit of those named in the patent.

2. A person thus holding title for others has no power to convey the property, unless by the consent or direction of the beneficiary.

3. The consent or direction of the beneficiary may be shown by parol, and after great lapse of time has intervened very slight circumstances would suffice to establish such authority.

APPEAL from Mason. Tried below before Hon. W. M. ALLISON.

*H. M. Holmes,* for appellant.

No briefs for appellee have reached the Assistant Reporter.

JAMES, CHIEF JUSTICE.—The facts upon which the appeal is submitted are as follows:

1. The tract of land in respect to which this action was brought was patented to "Jacob de Cordova, trustee of the German Emigration Company, and J. J. Giddings, assignee of Frederick Stoppelberg, the patent calling for 320 acres (describing the same by field notes) in Mason County, * * * and reciting that it was by virtue of certificate number 251, issued to said Stoppelberg by the commissioner of Fisher and Miller's colony, June 6, 1850, and transferred to John L. Darragh January 9, 1854, and by said Darragh transferred to Jacob de Cordova, trustee of the German Emigration Company, and J. J. Giddings, February 20, 1855." The patent was dated December 2, 1880. The patent concludes with the words, "hereby relinquishing to them, the said Jacob de Cordova, trustee of the German Emigration Company, and J. J. Giddings, assignees, and their heirs and assigns," etc.

2. A deed dated April 3, 1861, executed by "Jacob de Cordova, acting as trustee of the German Emigration Company, and J. J. Giddings," for the consideration of $1, to Henry F. Fisher, purporting to convey said tract of 320 acres.

3. The following agreement is stated in the record: "It is agreed, that if the patent and deed adduced in evidence vests title prima facie in Henry F. Fisher in and to said survey, then the judgment of the District Court shall be in all things affirmed; but if the same should be held by the appellate court insufficient to vest in said Henry F. Fisher prima facie title to the whole thereof, then the judgment shall

be reformed so that appellees Sidon Harris and Carrie Chew shall recover an undivided one-fourth of said land, and that G. W. Bird have judgment over against J. N. Brown for $80, with legal interest thereon from May 12, 1883, and costs."

It is evident that our revision of the judgment is confined by said agreement to the prima facie effect of said patent and deed.

Assuming that Jacob de Cordova appears upon the face of the patent to have been trustee for both the German Emigration Company and J. J. Giddings, we still are without any means, from the instrument itself, of determining the nature and terms of his trust. He would thus appear to have been merely the depositary of the legal title, which constitutes simply a dry or naked trust for the benefit of those named in the patent. Moore v. Waco, 85 Texas, 211. A person thus holding title for others has no power to convey the property, unless by consent or direction of the beneficiary. 2 Perry on Trusts, sec. 764.

If he should without such consent or authority execute a deed to a third person, whilst the legal title would pass to his grantee, it would not convey the title of the beneficiaries, and the grantee would hold as trustee for them, as did his grantor. 1 Warv. on Vend., p. 86.

Upon this state of case, we are of opinion, that the equitable title to one-half of the survey remained in J. J. Giddings.

Appellant may be correct in the position taken by him, that the proper construction of the patent and the transfer recited in it would be to regard Cordova as trustee only for the German Emigration Company, in which case his deed could not possibly be held to affect the interests of Giddings, but we do not deem it necessary to make this ruling. If the other construction is placed on the patent, which would make him trustee for both, the case as presented to us does not show power in him to deprive Giddings of his interest by the deed to Fisher.

We are not unmindful of the fact that the consent or direction by Giddings to authorize the deed to Fisher may have been by parol (Rogers v. Tyley, 32 Northeastern Reporter, 392), and that after the great lapse of time that has intervened, very slight circumstances would suffice to establish such authority. But nothing whatever on this subject appears, and if there were anything of this nature outside of the patent and deed, the agreement of the parties upon which the issue is submitted here, we think, would exclude us from giving it any effect. At the time of the trial the deed to Fisher was over thirty years of age, but there is nothing in the deed by which it purports to have been executed by direction or authority of Giddings, and we therefore can not be warranted in presuming that there was such authority.

The judgment will be reversed and reformed as agreed upon in this event, by the parties.

*Reversed and reformed.*

Delivered June 6, 1894.