## BARTHOLOMEW v. BARTHOLOMEW.
### (No. 8543.)

(Court of Civil Appeals of Texas. Galveston.
May 13, 1924. Rehearing Denied
June 19, 1924.)

**1. Fraudulent conveyances ⚖══206(2)—Payment to husband of money for injury to wife held not to make him her debtor.**

Where a wife, injured in a street car accident, consented that her husband should have half the settlement paid her, and it was paid him by the street car company, he did not become her debtor, so as to give her any claim against property conveyed by him in fraud of creditors.

On Motion for Rehearing.

**2. Limitation of actions ⚖══73(4), 83(1)—Limitation held not to have run against claim of wife against husband until one year after his death.**

Where plaintiff was a married woman from time of alleged conversion by her husband of money belonging to her up to the time of his death, no limitation ran against her until after his death; and where no administration was taken out on his estate, limitation did not run against her in favor of his estate until one year after his death.

**3. Courts ⚖══472(4)—District court may, in cases in which powers of probate court are inadequate, entertain action concerning claim against estate of decedent.**

A district court may, in cases where the claimant has legal or equitable rights connected with his claim, to adjudicate which the probate court is inadequate, entertain an action against proper parties, but only in such cases can suits against an estate on which administration was taken out be brought in the district courts.

**4. Executors and administrators ⚖══439—Party representing estate must be present in action to establish claim against estate.**

Where no representative, administrator, nor heir is present, suit to establish a claim against an estate and fix a lien for its payment on property of the estate must fail for want of proper parties.

**5. Executors and administrators ⚖══439—Denying recovery against estate held proper, in absence of party representing estate.**

In an action by a widow to establish a claim against the estate of her deceased husband, who, she alleged, had conveyed property to defendant to defraud his creditors, judgment denying recovery was proper, in absence of a party representing the estate.

**6. Trespass to try title ⚖══47(3)—Decree awarding to defendant held proper under undenied cross-petition.**

In trespass to try title, in which defendant in answer and cross-petition alleged ownership and possession of certain land, of which plaintiff had dispossessed her, and prayed for title and possession thereof, to which plaintiff replied by pleading coverture of herself and minority of her son, and went to trial without denying defendant's allegations, or asserting claim to such land, a judgment awarding title of such land to defendant was authorized by Vernon's Sayles' Ann. Civ. St. 1914, art. 7750.

**7. Appearance ⚖══20—Knowledge of answer, appearance, and going to trial held a waiver of personal service of notice of cross-action.**

Where plaintiff knew that defendant had filed her answer, to which plaintiff made a partial answer, and afterward appeared, announced "Ready," and proceeded to trial without denying allegations of cross-petition relative to defendant's ownership of certain land, she waived personal service of notice of cross-action, and judgment quieting title in defendant was proper, in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 7750.

Appeal from District Court, Harris County; W. E. Monteith, Judge.

Action by Ettie Bartholomew against C. M. Bartholomew. From a judgment for defendant, plaintiff appeals. Affirmed.

P. Harvey, of Houston, for appellant.

Love, Wagner & Wagner, of Houston, for appellee.

LANE, J. Mrs. Ettie Bartholomew filed her original petition in this case in the usual form of trespass to try title. The same was filed in behalf of. herself and for her minor son, Ed. Bartholomew, on the 5th day of May, 1919. On March 22, 1923, appellant filed her second amended original petition, on which she went to trial, alleging that she was married to Ed. Bartholomew in August, 1913; that he died about May, 1919; that during their marriage they acquired a community estate, part of which was the south one-half of lots 1 and 2, block 2, Bartholomew Place addition to Houston, and also 160 acres in San Jacinto county; that for a long time prior to his death Ed. Bartholomew was indebted to various persons, and judgments had been rendered, abstracted, and recorded against him, specifying a number of judgments that were recorded against him in Harris county, and that by reason of said judgments he was unable to hold title to real estate in his own name; that his principal occupation was buying and selling real estate, and he pursued the practice for a long time prior to his death of placing the title to all property acquired by him in the name of other persons, principally his brother, Elmore, and his sister, C. M. Bartholomew, and when he made sales they would convey the legal title as he directed;. that the property aforesaid was acquired by him after his marriage to plaintiff, but, because of his financial condition, he placed the legal title in appellee, to prevent said judgments attaching as liens on said property, and while the deeds to C. M. Bartholomew

were in form of absolute conveyance to her, yet in fact she held the property in trust for said Ed. Bartholomew, and this appellant, who was entitled to one-half thereof in her community right, and on the death of said Ed. Bartholomew, his half interest therein descended to his four children, one of whom is Edward E. Bartholomew.

Appellant further alleged that at the time of her marriage to Ed. Bartholomew she owned 32 feet off of the east end of lots 13 and 14, block 167, with improvements, in Houston Heights addition to Houston; that after her marriage she, joined by her said husband and at his instance and request, conveyed said property to Wm. Donnelly in exchange for 262 acres in the Joseph Miller league in Harris and Montgomery counties, known as the Milo tract; that though her property was conveyed to Donnelly in exchange for said Milo tract, which tract should have been conveyed to her, yet the deed from said Donnelly for said 262 acres was made to her said husband, same being dated about September 9, 1914; that while said deed vested in said Ed. Bartholomew the legal title to said Milo tract, that plaintiff's property was given in exchange therefor, and Ed. Bartholomew held said title in trust for her, and she was the equitable owner of said land; that shortly after Ed. Bartholomew obtained the deed to said Milo tract he conveyed same to his sister, C. M. Bartholomew, appellee, on November 16, 1914, and while the deed to appellee recites a consideration of $10 and other good and valuable considerations, that in fact appellee did not pay anything for said conveyance, but that title was placed in appellee's name by Ed. Bartholomew to place it beyond the reach of appellant, or to prevent his creditors seizing it; that appellee had notice and knowledge at time said Ed. Bartholomew executed said conveyance to her that said 262 acres, known as the Milo tract, was appellant's separate property, and that the appellee held it as constructive trustee for appellant; that on August 25, 1916, appellee conveyed said Milo tract to Stimson, Conwell and Tharp for $2,300, which $2,300 she alleged was received by appellee as constructive trustee for appellant; and alleged, on information and belief, that said $2,300 was used by Ed. Bartholomew or appellee to pay on property in Fort Worth, which Fort Worth property was later on exchanged for said south one-half of lots 1 and 2, block 2, Bartholomew Place; that if she was mistaken in her allegation that the $2,300 received by appellee from said Stimson, Conwell, and Tharp was applied to paying for said Fort Worth property and latter exchanged for said Bartholomew Place lots, then she alleged that the said $2,300 which appellee held in trust for appellant was converted by appellee to her own use.

Appellant further alleged in this amended petition for the first time that about May, 1917, she suffered personal injuries while a passenger on a street car of the Houston Electric Company, and in October, 1917, said street car company settled with appellant paying her $900, one-half of which said Ed. Bartholomew wrongfully appropriated to his own use and benefit, without her consent and over her protest, and that said $450, she alleged on information and belief, was applied by said Ed. Bartholomew on said Fort Worth property, which was later on exchanged for said south one-half of lots 1 and 2, block 2, Bartholomew Place, but that, if she was mistaken as to that, then she alleged that said Ed. Bartholomew converted said $450 to his own use, and his estate is justly indebted to her in said sum of $450. She prayed that said trust be established in said property, that the interest of the estate of Ed. Bartholomew in said property be charged with the $450 paid her by the Houston Electric Company and appropriated by said Ed. Bartholomew, and in the alternative, if the trust was not established, then that she have judgment against defendant for $2,300 received by defendant from the sale of said 262 acres of land and converted to defendant's own use.

On September 27, 1922, defendant filed her first amended original answer, consisting of plea of not guilty, and a cross-action against plaintiff for the title of said south one-half of lots 1 and 2, block 2, Bartholomew Place, and also lots 6 and 7, block 1, Bartholomew Place. On March 28, 1923, defendant filed her first supplemental answer, in which she pleaded the five-year statute of limitation and also the two and four year statutes of limitation.

Appellant, on March 27, 1923, filed her second supplemental petition in reply to the supplemental answer of defendant, in which appellant pleaded the minority of Edward E. Bartholomew, and her disability of coverture, in avoidance of the defendant's several pleas of limitation. The cause was tried before a jury. Upon peremptory instruction of the court the jury returned its verdict in favor of defendant. Judgment was accordingly rendered, and Mrs. Ettie Bartholomew has appealed for herself and for her said minor son. The only propositions presented by appellant upon which she bases her right to a reversal of the judgment are as follows:

"The court erred in peremptorily instructing the jury to return a verdict in favor of the defendant, because the undisputed testimony of the plaintiff, Ettie Bartholomew, showed that her husband, Ed. Bartholomew, was indebted to her in the sum of $450, which was her separate funds, paid by the Houston Electric Company for personal injuries sustained by her, and therefore she was a creditor of the said Ed. Bartholomew, and the parties having agreed

that said property involved in this suit was transferred to the defendant, and the legal title thereto placed in her name at the instance and request of the said Ed. Bartholomew, to defraud his creditors; hence the said Ettie Bartholomew was a creditor of said Ed. Bartholomew, and entitled to have said property subjected to the payment of said sum of $450."

"Limitation did not begin to run against appellant's claim for $450 until April, 1920—that is, one year after her husband's death—and her amended petition alleging said claim was filed in March, 1922; hence the cause of action was not barred."

It is apparent that no complaint is made by this appeal of any part of the judgment, except that part thereof which refused her a recovery of a judgment against the estate of her deceased husband, Ed. Bartholomew, for the sum of $450 alleged to have been paid to her by the Houston Electric Company upon her personal injury claim, and which she alleged was her separate property, and which was appropriated by her husband for his own use and benefit. We shall therefore not further refer to or consider the other various matters alleged in the plaintiff's petition and referred to in her motion for new trial, but will confine ourselves to a consideration of the sole question as to whether or not the court erred in refusing to adjudge that a trust in favor of appellant be established in the property described in her petition as against appellee.

The parties agreed: (1) That the defendant, C. M. Bartholomew, has a good record title, by regular chain of transfer from the sovereignty of the soil down to her, to the property described in the plaintiff's second amended original petition in this cause. (2) That the title to said property was vested in the defendant at the instance and for the benefit of Ed. Bartholomew, the deceased husband of the plaintiff, and the father of the plaintiff, Edward E. Bartholomew; that the said Ed. Bartholomew, at the time the said property was conveyed to the defendant, was indebted to other persons, and that abstracts of judgment had been abstracted and recorded against him, and said property was paid for by the conveyance of property of Ed. Bartholomew, and the title taken in the name of the defendant at the instance of Ed. Bartholomew, in order to protect the same against the claims of his creditors.

[1] Appellant testified that she was married to Ed. Bartholomew in August, 1913; that they were never divorced, and were living together at the time of his death; that Ed. Bartholomew did not leave a will that she knew of; that he died in April, 1919; that about 1917 she was a passenger on a street car, and was injured in a collision; that the street car company paid her $900 in settlement of her injuries; that Ed. Bartholomew claimed half of that money, and would not sign up until it was paid over to him; that he left Houston with the $450 to take it to Fort Worth, and said when he left Houston that he was going to Fort Worth; that she did not know that he went to Fort Worth, except by what he said; that he took this $450 with him when he left Houston, and did not have it when he came back; that Miss C. M. Bartholomew was living at that time in San Antonio, and has never talked with appellant in reference to this transaction since it took place. On cross-examination she testified:

"In 1917, when I got this settlement from the street car company, Ed. Bartholomew wouldn't sign the release unless he got half of the money. I agreed to that, and let him have half of it. I had to, to get any at all. Yes; I agreed to it, and it was finally arranged that I was to have half and he was to have half."

The theory of appellant is that she was a creditor of her deceased husband, and that since it is shown that the property in question was conveyed to appellee, C. M. Bartholomew, in fraud of the creditors of her husband, she is entitled in this suit to have her claim for the $450 item hereinbefore mentioned established as a lien against said property as against appellee.

Appellee, by her counter proposition, contends that the evidence fails to show that Ed. Bartholomew, deceased, was indebted to appellant by reason of his having received $450 of the sum paid by the Houston Electric Company on account of personal injuries suffered by her, but, to the contrary, the undisputed evidence shows that such sum had been paid to him with the consent of appellant as belonging to him; that the evidence fails to show that the entire sum of $900, paid by the electric company, was for personal injuries, that is, what portion was for her injuries, and what portion for doctor's bills, etc., and therefore appellant is not entitled to recover, but that, if it be conceded that in fact and in law Ed. Bartholomew was a creditor of appellant, as contended by her, her claim for the $450 item was barred by the statute of limitation pleaded by appellee.

Both contentions must be sustained. Appellant testified that she had consented that her husband should have the $450 now claimed by her as his property, and therefore the payment of such sum to him did not make him her creditor. It is also shown, that, if Ed. Bartholomew, deceased, took the $450 and held it over the protest of appellant, he did so in October, 1917, more than five years before appellant instituted suit to recover the same, and that her claim therefor was barred by the statute of limitation pleaded by appellee.

We think it proper to suggest, before closing this opinion, that since appellant has shown by her pleading that Ed. Bartholomew died intestate in May, 1919, and that

at the time of his death he left debts which were still unpaid, we do not think she could, in any event, lawfully establish her claim against the estate of Ed. Bartholomew, except through an administration in the probate court.

For the reasons expressed, the judgment is affirmed.

Affirmed.

## On Motion for Rehearing.

[2] In our original opinion we stated that the plaintiff made allegations relative to her suffering personal injuries in 1917, and the conversion by her husband of $450 belonging to her, for the first time in her second amended petition filed on the 22d day of March, 1923, upon which she went to trial. In appellant's motion for rehearing our attention is called to the fact that the plaintiff made such allegations in her first amended petition, which is copied in the record. We fell into the error complained of by reason of an agreement of the parties filed with the record by which it was sought to correct an entry in the record showing that the second amended petition was filed on the 22d day of March, 1922, when in fact said petition was filed on the 22d day of March, 1923. We also reached the conclusion that we erred in holding that appellant's claim for the $450 item hereinbefore mentioned was barred by the two-year statute of limitation.

The plaintiff alleged and proved that she was a married woman from the time of the alleged conversion by her husband, Ed. Bartholomew, of the $450 up to the time of his death, which occurred about the 1st of May, 1919. This being true, no limitation would run against her until after the death of her husband, and as there was never any administration taken out upon the estate of her husband, limitation did not begin to run against her in favor of his estate until one year after his death, or until May, 1920, and as the first amended petition in which she sought to set up her claim for the $450 item was filed within less time than two years from the time limitation began to run against appellant, appellee's plea of limitation of two years cannot be sustained. In our opinion we also said:

"We think it proper to suggest, before closing this opinion, that since appellant has shown by her pleading that Ed. Bartholomew died intestate in May, 1919, and that at the time of his death he left debts which were still unpaid, we do not think she could, in any event, lawfully establish her claim against the estate of Ed. Bartholomew, except through an administration in the probate court."

In her motion for rehearing, appellant insists that the suggestion made by us is unsound.

[3] After an examination of the pleadings of the plaintiff and the authorities cited by her counsel, we agree that our suggestion is in conflict with the uniform holding of our courts. It seems to be well settled that the district court may, in cases where the claimant has some legal or equitable rights connected with his claim for the adjudication of which the powers of the probate court are inadequate, as in the present case, maintain such action against proper parties, but only in such cases can such suits be brought in the district courts. George v. Ryon, 94 Tex. 321, 60 S. W. 428; Ralston v. Stainbrook (Tex. Civ. App.) 187 S. W. 413; Cannon v. McDaniel, 46 Tex. 303.

[4] We will here add, however, that in such suits it is necessary to have some party or parties before the court as representatives of the estate against which a judgment is sought, and in cases where no representative of the estate, neither an administrator nor heir or heirs, are before the court, as in the present case, the suit to establish a claim against the estate and fix a lien for its payment against the properties of such estate must fail for want of proper parties.

[5] It was alleged by the plaintiff, appellant here, that Ed. Bartholomew was indebted to her in the sum of $450, and to others, at the time of his death, and that he had had his property conveyed to his sister, C. M. Bartholomew, to defraud his creditors. It was thus shown that an administration on the estate of Ed. Bartholomew was necessary, and it was also shown that at the time the plaintiff filed her first amended petition, wherein she set up her claim for the $450 item, the time in which an administrator of said estate could be appointed had not expired. Indeed, such time had not expired at the time judgment was rendered in this cause.

We have reached the conclusion that, since no judgment could be properly rendered in favor of the plaintiff against the estate of Ed. Bartholomew without having a representative of the estate before the court, the judgment of the trial court denying the plaintiff a recovery against said estate, and denying her prayer for the establishment of a lien against the property of the estate, should be affirmed; and it has been so ordered.

[6] Though appellant did not in her brief set up the contention that the court erred in awarding to appellee, C. M. Bartholomew, a recovery of lots 6 and 7 in block 1, Bartholomew Place, she has in her motion for new trial, for the first time, urged such act of the court as fundamental error. We cannot agree to the contention of appellant. Appellee in her answer and cross-petition alleged that she was the owner and in possession of lots 6 and 7 in block 1 of Bartholomew Place addition, and that appellant had by force entered upon said lots and had dispossessed her and was withholding pos-

session thereof from her. Her prayer was for title and possession of said lots and for a decree removing cloud from her title and quieting the same in her. She also pleaded in said answer the statutes of limitation in bar of appellant's claim for the $450 item, hereinbefore mentioned.

After the filing of appellee's answer and cross-petition, appellant by supplemental petition replied thereto by pleading coverture in behalf of herself and minority in behalf of her minor son, Ed. Bartholomew, and thereafter she also filed her second amended petition, upon which she went to trial. She did not in any of her pleadings deny the allegations of appellee relative to lots 6 and 7, nor did she in any manner assert claim to said lots. The judgment awarding the title to lots 6 and 7 to appellee was therefore, under such circumstances, authorized by article 7750, Vernon's Sayles' Civil Statutes of 1914, which provides that:

"If the defendant, who has been personally served with citation according to law, fails to appear and answer by himself or attorney within the time prescribed by law for other actions in the district court, the proper judgment by default may be entered against him and in favor of the plaintiff for the title to the premises, or the possession thereof, or for both, according to the petition, and for all costs, without any proof of title by the plaintiff."

[7] While in the present case it is not shown by the record that appellant was personally served with notice of appellee's cross-action, it is clearly apparent that she knew that appellee had filed her answer, and that she had, after such filing, made partial answer thereto. Notwithstanding such knowledge and such answer, she appeared, announced "Ready," and proceeded to the trial of the case without denying the allegations of appellee relative to her ownership of said lots 6 and 7. We think under these circumstances she waived personal service and that the court properly rendered judgment for appellee for lots 6 and 7.

Having made the corrections herein shown, the motion for rehearing is refused.