## GOLOB v. STONE et al.

### No. 6705.

Court of Civil Appeals of Texas.
Texarkana.

Nov. 12, 1953.

Douglas N. Boyd, Waco, for appellant.

Stone & Stone, Jacksonville, for appellees.

HALL, Chief Justice.

This is an appeal from an order of the District Court of Cherokee County overruling appellant's plea of privilege to be sued in McLennan County, his residence. The suit, out of which this plea of privilege grows, was instituted on October 9, 1952, by appellees against appellant Golob and one Ewell Thompson alleged to be a trustee, for a recovery of certain attorney's fees alleged to be owing appellees by appellant and Thompson.

Venue was sought to be maintained in Cherokee County under Article 7425b–24, subparagraph B, R.C.S., Vernon's Ann.Civ. St. of Texas.

Appellant's single point of error is: "The trial court erred in overruling appellant's plea of privilege because said appellee failed to establish his cause of action against appellant under the provisions of Art. 7425b– 24, R.C.S. [Vernon's Ann.Civ.St.], which article pertains to venue in the county of a single trustee."

The facts are that on the 28th day of April, 1952, appellee Stone in company with Ewell Thompson met with Sidney Golob and as a result of such meeting the following instrument was prepared by Stone and executed by Golob and Thompson.

"The State of Texas,
County of Cherokee.

"I, Ewell Thompson of Jacksonville, Cherokee County, Texas, do hereby declare myself trustee for the benefit of Sidney Golob of Waco, McLennan County, Texas, for and in consideration of the following consideration by and between the trustee and the beneficiary hereof and also

for the special benefit of the persons, firms or corporations who have heretofore and who will hereafter execute a certain contract dated April 25, 1952, between said parties whose names are as follows, and Ewell Thompson as agent; (list of names omitted) and the above listed names are those who have heretofore executed the contract aforementioned. Said contract between said parties dated April 25, 1952, is here referred to for all purposes to the same extent as if it were copied herein verbatim. The considerations of this contract here entered into are as follows: 1) That Ewell Thompson will purchase in his name as trustee for the benefit of Sidney Golob on such terms and conditions as they will hereinafter agree on with McCulloch, Sunkel and Howard, of Texarkana, Texas and Arkansas, all seven (7) stores operated by said partnership which are located as follows: Three (3) in Arkansas which are located in Texarkana, Magnolia and Camden; and four (4) of which are in Texas (three (3) in Texarkana, Texas and one (1) in Clarksville, Texas), or as many of said units or partnership interests as are available to purchase and will by appropriate sales, instruments and conveyances transfer to said Sidney Golob the interests and units actually purchased when completed. 2) That Sidney Golob, who is the immediate purchaser beneficiary of this trust instrument, agrees to and with Ewell Thompson herein in two capacities, first, an individual capacity and second, in an agency created of date of April 25, 1952, heretofore referred to herein, which contract herein confers a benefit on the principals whom Ewell Thompson represents which is not a primary benefit. Said Sidney Golob agrees that he will as purchaser of said business execute the contract of date of April 25, 1952, and will bind himself, his heirs and assigns to the same for its ten (10) year period. The intent and purpose of this trust from a secondary standpoint is to keep a unit of store operations intact for mutual protection and welfare. 3) It is further agreed that Sidney Golob is to bear all the expenses of the purchase of the business interests of McCulloch, Sunkel and Howard and that Ewell Thompson, trustee herein, is to have no responsibility in connection with the purchase of said interest referred to. 4) Both parties to said instrument herein agree to execute the respective instruments mentioned in paragraphs one (1) and two (2) hereof upon request of each other and on the same dates. To witness this trust agreement, witness our hands in duplicate originals on this the 28th day of April, A.D. 1952."

Shortly after the above instrument was executed appellant gave to appellee Stone his check for $25,000. This check was by Stone converted into a cashier's check at a bank in Jacksonville. About the same time appellant furnished another $25,000 to Thompson and Stone. On the 1st day of May, 1952, a contract was entered into between Thompson, signing as trustee, and McCulloch, Sunkel and Howard for the purchase of seven Piggly-Wiggly Stores in Texas and Arkansas, and at that time the $50,000 heretofore furnished by appellant was placed in escrow with the law firm of Kennedy, Levee & Lee. Appellant was present during all of these transactions. It appears further that on the 3rd day of May, 1952, appellant Golob and Ewell Thompson executed a contract giving Thompson an option to purchase from Golob an interest in the stores when the sale was completed not to exceed fifty per cent. The fact shows that Golob was unable to secure sufficient money to consummate his purchase of the stores and the contract entered into between Thompson and McCulloch, Sunkel and Howard was abandoned. On or about the 27th day of June, 1952, Ewell Thompson by telegram authorized attorneys Kennedy, Levee and Lee, as escrow agents, to pay over to Sidney Golob the $50,000 which they held. On the 9th of October following appellees brought their suit against Golob and Thompson for certain attorney's fees alleged to be due them for representing appellant in the attempted purchase of the stores.

It is contended by appellees that the contract set out above was an express trust agreement with Ewell Thompson as a single trustee, domiciled in Cherokee County, that

he acted under such express trust for appellant and for that reason the venue of this case is properly laid in Cherokee County. Appellant vigorously insists that (1) the instrument set out above in which Thompson named himself as trustee of Golob does not in fact constitute an express trust under the trust statute of this state, and (2) that if there were an express trust created under the instrument entered into between Golob and Thompson it had been executed and all the property involved had passed from the trustee when the main suit herein for attorney's fees was instituted and therefore at the time of the institution of said suit there was no trustee nor trust property.

Article 7425b-2 provides: "'Trust' for the purpose of this Act means an express trust only * * *."

In Brown v. Donald, Tex.Civ.App., 216 S.W.2d 679, 683, it is said: "In 65 C.J. 264, sec. 46(4), the rule is announced in substance that an express trust is generally created by an instrument pointing out the property, purposes and persons of the trust and that a definite declaration of each is essential. In the same volume, at page 1101, sec. 1054(5), the general rule is announced that the purpose, property and persons should be set out with much particularity and that in such cases the trustees have only such powers as are specifically given them by the instrument." See also City of Austin v. Cahill, 99 Tex. 172, 88 S.W. 542; 1 Bogert, Trusts and Trustees, page 501, Sec. 111.

■ The fact that Thompson designated himself as trustee in the instrument had no significance whatever. It could have been done for his convenience. Bank of Washington v. San Benito & Rio Grand Valley R. R. Co., Tex.Civ.App., 293 S.W. 599. When the so-called trust agreement entered into by Thompson and Golob is read in the light of the definitions above set forth, in our opinion, it fails as an express trust. The trust agreement in no wise conveys or delivers to Thompson, trustee, anything of value. We do not think it can be said that the $50,000 delivered by Golob to appellee

Stone and Thompson met the requirement of the above authorities. It is not clear from the facts in this case whether Golob delivered the $50,000 to appellee Stone or Thompson, that is, all of it. Certainly he delivered the first $25,000 to Stone, and the other $25,000 probably to Thompson. The evidence in our opinion shows that Stone and Thompson were holding the $50,000 together, and came to Texarkana, Texas, where four of the Piggly-Wiggly Stores are located, and placed the money in escrow with attorneys Kennedy, Levee and Lee in Texarkana when the purchase agreement was executed. There the money remained until Thompson by telegram, after the sale had failed, ordered it delivered to Golob. It is clear that the title to the stores never passed to Thompson for the reason Golob could not secure the additional funds with which to purchase them, and Thompson as trustee never had possession of them. It follows then, that one of the very important items of an express trust was absent from the trust agreement. From a casual reading of the trust agreement it would appear that Thompson's duty toward Golob was to purchase in Thompson's name the seven stores, and that was never consummated. In our opinion the trust agreement instead of creating a trust is more in the nature of an agency contract whereby Thompson was to purchase the stores in his name for Golob. If such be its nature it is in no sense a trust.

■ But, should we be mistaken in our conclusions expressed above, then we think that the trust agreement ended on the 27th of June when Thompson released the $50,000 put up in escrow. There is not a scintilla of evidence that from that date until the filing of this suit by Stone and others for attorney's fees on October 9th, Thompson did or performed any act showing him to be a trustee for Golob. Moreover, appellee Stone testified in effect that the trust agreement ended on the 27th day of June when the escrow money was returned to Golob. So, granting that Thompson was a trustee of Golob under the trust agreement, he was not a trustee for him on the date the suit was filed. In this connection it might be stated that appellee

Stone in his testimony very clearly stated that he was not seeking any judgment against Thompson, and that Thompson was not in any way responsible for his fee, which he claimed against Golob.

Therefore, it is our conclusion under the facts of the case Thompson was in no sense a necessary or proper party to this suit. Appellees seek to hold venue in Cherokee County against appellant, a resident of Mc-Lennan County, under the statute which places venue where a single trustee resides, and under no other theory, and having failed to do so this case in our opinion must be reversed and rendered.

Therefore, the judgment of the lower court is reversed and judgment is here rendered that the Clerk of the District Court of Cherokee County transfer this case with all papers to the District Court in McLennan County.