JAMES H. REARDON, Appellant

v.

KATHERYN REARDON

No. A-8997.   Decided July 18, 1962
359 S. W. 2d 329

*Galvan & Galvan,* El Paso, for appellant.

*Woodward & Woodward,* El Paso, for appellee.

ASSOCIATE JUSTICE NORVELL delivered the opinion of the Court.

This is a divorce case in which the El Paso Court of Civil Appeals prepared a tentative opinion holding that the trial court erred in awarding to the wife all of the real property owned by the community. Being in considerable doubt as to the correctness of this holding, in view of the statement made by this Court in Hailey v. Hailey, 160 Texas 372, 331 S.W. 2d 299, which was subsequently made the basis of the decision of the Eastland Court of Civil Appeals in Hellums v. Hellums, 335 S.W. 2d 390, the presiding judge of the El Paso court certified the following question to us in accordance with Rule 461, Texas Rules of Civil Procedure:

"In view of the prohibition in the statute (Art. 4638)[1] did we, in our tentative opinion, err in holding that a trial court may not, in a case where the only real estate owned by the parties is not subject to partition in kind and is community realty, divest one of the parties of his title to such real estate and award to the other title to all of the community real estate as his or her sole and separate property?"

It appears from the tentative opinion accompanying the certificate that the community estate consisted of both real and

---

1. "The court pronouncing a decree of divorce shall also decree and order a division of the estate of the parties in such a way as the court shall deem just and right, having due regard to the rights of each party and the children, if any. *Nothing herein shall be construed to compel either party to divest himself or herself of the title to real estate.*" Art. 4638, Vernon's Ann. Texas Stats.

personal property. All of the community real estate and a portion of the community personal property was awarded to the wife. No question as to whether the settlement decreed by the trial court was just and right is before us. We are limited to a consideration of the question propounded in the certificate.

The question assumes that a decree dividing community property between divorcing parties which awards real property to one and personal property to another operates as a technical divesture of title to real property. It seems to be the sense of the El Paso court's tentative opinion that community personal property and community real property must be considered as two distinct interests or estates for division purposes under Article 4638. However, the obvious purpose of the question is to ascertain whether or not this Court regards the proviso of the article prescribing the divestiture of title to real estate as being applicable to community property.

In Hailey v. Hailey, supra, this Court said:

"That part of Art. 4638 contained in the last sentence, which prohibits the divestiture of title by either party to real estate, has no application to community real estate but applies only to the separate property of each party."

The above statement was deliberately made by this Court after a careful consideration of the matter and we now reaffirm the position taken by us in the Hailey case. Any question as to whether the holding evidenced by the quoted portion from the Hailey case may be classified as obiter dicta is now academic. The question is squarely before us in this case and we hold that the proviso in Article 4638—"nothing herein shall be construed to compel either party to divest himself or herself of the title to real estate"—has no application to community real estate.

The question certified is answered in the affirmative.

Opinion delivered July 18, 1962.