**Jack M. ROSE, Relator,**

**v.**

**Honorable William M. HATTEN, Judge, Court of Domestic Relations of Harris County, Texas et al., Respondents.**

No. 15170.

Court of Civil Appeals of Texas.

Houston.

July 3, 1967.

------◆------

Schlanger, Cook & Cohn, Joel W. Cook, Houston, for relator.

Ramey & Clay, Ben N. Ramey, Houston, for respondents, Sylvia Rose and Ben N. Ramey.

J. Edwin Smith, Houston, for respondent, J. Edwin Smith.

Alvin Diamond, Houston, for respondent, Alvin Diamond.

WERLEIN, Justice.

This is an original proceeding brought by Relator, Jack M. Rose, against Honorable William M. Hatten, Judge, Court of Domestic Relations No. 2, Harris County, Texas, Ben M. Ramey, J. Edwin Smith, Alvin Diamond and Sylvia Rose, seeking a writ of mandamus requiring the Respondent Judge to set for hearing, after notice to all parties of record, Cause No. 621,096 on the docket of the Court of Domestic Relations No. 2 of Harris County, and to proceed to a final judgment in said cause, disposing of all parties and all issues raised by the pleadings in said cause, and praying for certain other relief.

The basic question before this Court is whether or not that certain judgment entered by Respondent Judge in said cause, which was a divorce proceeding, is a final judgment disposing of all the parties and the issues in the suit. In Plaintiff's First Amended Original Petition filed in said court on May 16, 1964 by Sylvia Rose, she complained of Jack Rose and also made parties to such suit: Hodgkin's Disease Memorial Research Center, an alleged foundation in Houston, Harris County, Texas, Dr. George Robert Kolodny, Trustee, Dr. Arthur L. Glassman, Trustee, and Spur Land Company, Trustee. Plaintiff's suit was for divorce and settlement of property rights. The parties, Sylvia Rose and her husband, Jack Rose, at the time of the suit had no children under eighteen years of age.

In this proceeding the Relator, Jack Rose, asserts that the judgment entered by the trial court in said cause on April 5, 1967, is not a valid and enforceable judgment for the reason that the same was based upon a trial without notice to the other parties of record in the cause, and also because such judgment does not dispose of the rights of the parties to said cause other than the Relator and his wife, Sylvia Rose, and further fails to direct the manner in which the actual division of the properties of the parties is to be made between them, and how the judgment may be enforced. Relator further asserts that said judgment fails to designate any particular property as community property; fails to sufficiently describe and locate the stocks, bonds and securities belonging to the community of relator and respondent, Sylvia Rose, and fails to establish any procedure for the repairs and sale of the homestead and the disposition of money held in trust by several of the lawyers of record in the suit.

The judgment of the trial court makes no reference whatever to the parties-defendant in the suit other than the defendant, Jack Rose. Service was duly had on all of the defendants. The defendant, Spur Land Company, Trustee, filed a general denial to the allegations in plaintiff's petition. The defendant, Hodgkin's Disease Memorial Research Center, filed an answer alleging that the United States Patent referred to in plaintiff's petition, the legal title to which stood in the name of Jack M. Rose, was equitably owned by said defendant, Hodgkin's Disease Memorial Research Center, and that the community of Jack M. Rose

and Sylvia Rose had no equitable interest in said patent. The defendants, Kolodny and Glassman, against whom no affirmative relief was sought, filed no answer.

We have carefully considered the judgment entered in said cause and have concluded that it does dispose of all the issues raised in the amended petition filed therein. The court found and decreed that the patent, to which Hodgkin's was asserting a claim, was the community property of the plaintiff and defendant, Jack M. Rose. There has been no appeal perfected from the judgment of the trial court by Hodgkin's or any of the other defendants in the case, and none of the defendants other than the relator are complaining here. Plaintiff in her petition alleged that she had a 3% interest and the community of herself and husband a 20% interest in what is described as the "South Main property", although the entire title to said property was in the name of a trustee, Dr. George Robert Kolodny. The court partitioned only the undivided 23% interest of the Roses in said property, decreeing that Sylvia Rose shall own an undivided 7% and Jack Rose an undivided 16% in such property, after allowing certain offsets in favor of relator. The judgment ordered that the funds held in trust be partitioned.

■ All issues between relator and respondent, Sylvia Rose, were determined by the court after a full hearing. The judgment of the court determined their rights and interest in all the property, and is a final judgment, although it should have been more specific in directing how certain provisions therein were to be carried out and enforced. We do not agree with relator's contention that the judgment is not final because of the alleged failure of the court to dispose of all the issues in the case and of the defendants other than the respondent, Sylvia Rose. It is our view that the trial court, being a Court of Domestic Relations, had no jurisdiction to adjudicate any disputes as to property, real or personal, as between the husband and

wife and third parties. The jurisdiction of the Courts of Domestic Relations for Harris County is prescribed by Article 2338–11, Section 3, of Vernon's Annotated Texas Statutes. Jurisdiction to adjudicate property rights between a husband and wife and third party claimants is not given to such courts. As between the spouses the judgment does dispose of all the property owned by them, or of their undivided interests therein if they did not own the whole interest in the property. By thus disposing of all the property before the court and partitioning it to the Roses, the court's judgment by implication disposed of any claim of third parties to such property.

■ The law is well settled that a judgment may dispose of all parties and issues by necessary implication. 33 Tex. Jur.2d, page 606, Judgments, Sec. 86, and authorities cited. " * * * a judgment which grants part of the relief but omits reference to other relief put in issue by the pleadings will ordinarily be construed to settle all issues by implication." 4 McDonald, Texas Civil Practice, page 1340, Sec. 17.10. See Vance v. Wilson, Tex.Sup. 1964, 382 S.W.2d 107; Comer v. Brown, Tex.Com.App.1926, 285 S.W. 307; Southern Pac. Co. v. Ulmer, Tex.Com.App.1926, 286 S.W. 193. The general rule is that a judgment is not final with reference to appeals unless all the issues of law and of fact necessary to be determined are determined, and the case is completely disposed of, so far as the court has the power to dispose of it. We are of the opinion that the judgment of the trial court in the instant case did dispose of all the rights of the parties and of all the issues and parties insofar as it had the power to do so. Hargrove v. Insurance Inv. Corporation, 1944, 142 Tex. 111, 176 S.W.2d 744; Freeman's Law of Judgments (5th Ed.), Vol. 1, p. 70, Sec. 45.

■ The fact that the judgment in the instant case fails to declare in what manner certain provisions contained in the judgment may be enforced, does not militate

against its finality. In Ware v. Jones, Tex. Com.App.1923, 250 S.W. 663, 665, the court said:

"However, if the rights controverted by the parties be settled by the judgment, it will be held final, although further proceedings should be required to carry the judgment into full effect. Such proceedings may be expressly provided for in the face of the judgment without affecting its finality, provided they are merely incidental to its proper execution."

See also Pennington v. Pennington, 145 S. W.2d 688, Tex.Civ.App.1940, n. w. h.

Petition for mandamus denied.