Carolyn Vee BOHN, Appellant,

v.

Wilford J. BOHN, Appellee.

No. 15168.

Court of Civil Appeals of Texas.

Houston (1st Dist.).

Sept. 14, 1967.

Rehearings Denied Oct. 12, 1967.

———◆———

Andrews, Kurth, Campbell & Jones, Homer Mabry, Houston, Adams, Granberry & Hines, F. P. Granberry, Crockett, for appellant.

Carey Williams, Houston, for appellee.

COLEMAN, Justice.

This appeal arises out of a suit for divorce. Appellant's primary complaint concerns the disposition made of the property of the parties.

This suit was filed by appellee. A judgment of divorce was entered on the cross-action of appellant, who was granted custody of the children. Appellee was required to make payments for the support of the children and was granted visitation privileges. Appellant complains of the judgment in respect to the provisions for support and visitation as well as the provisions regarding the division of the property owned by the parties. There is no appeal from that part of the judgment decreeing a divorce.

The parties were married June 2, 1957. At that time appellee was about thirty-five years of age. He had degrees in Business Administration and Law. He had served in the armed forces of this country for four years in World War II and one year during the Korean War, entering the service as a private and leaving as a 1st Lieutenant. He had practiced law for two years as an employee of different oil companies.

At the time of the marriage appellant was twenty-three years of age. She was a graduate of Southern Methodist University and had taught school in Dallas for one year. There is testimony that she suffered from an inferiority complex. She owned an automobile, some furniture, a relatively small amount of cash, and stock in the Southland Life Insurance Company worth about $70,000.00.

Appellee had little separate property other than an automobile. He had lost his job, and had determined to enter the private practice of law in Tyler. After the wedding appellant's parents gave the couple $2,000.00 as a wedding present. They gave appellee some office furniture. In November, 1957, appellant's parents gave them 60 shares of stock of Citizens First National Bank of Tyler, and also provided them funds with which to acquire a membership in a country club in Tyler, Texas. During the marriage appellant's parents made other gifts to the couple, including some stock in the Southland Life Insurance Company. They also permitted their daughter to draw checks on their bank account and she drew checks in the approximate amount of $33,000.00. There was testimony that this amount was considered an advancement against her share of the estate of her parents.

In November, 1957, appellant had a miscarriage. During this month at appellee's suggestion she agreed to give him one-half of her Southland Life stock and had it transferred into his name. Appellant testified that appellee told her that for estate tax purposes it would be wise if all of the stock was not in her name and that it would be much better if he had half of it because there wouldn't be as much estate

tax to pay in the event of her death. She also testified that appellee asked her to transfer the stock over to him to show and prove how much she loved him. She testified that she had faith and confidence in him and expected the marriage to last for the balance of her life. She testified that she understood from her conversation with appellee that if their marriage terminated prior to the death of one of them, she would get the stock back. She also testified that he asked her not to mention the transfer of stock to her parents.

While appellee stated that "perhaps" the discussion of the inheritance and estate tax was a secondary aspect to the gift itself, he admitted that the matter of benefits to the estate resulting from a gift to him of half of appellant's stock was discussed. He did not deny or contradict any of appellant's testimony concerning the circumstances leading to the gift. A written instrument executed by appellant and appellee conveying the stock to a third person in trust for the purpose of transferring it to appellee as a gift was introduced together with the written transfer from the trustee to appellee.

At the time of the trial the Southland stock transferred to appellee, the ownership of which he had retained, had increased in value to a sum of approximately $140,000.00. Appellant remained owner of stock of a greater value. Both parties had sold some of the stock in their respective names to purchase and improve their Houston residence, and appellee had sold some of the stock in his name to make certain payments on a 216 acre farm in Houston County, and appellant had sold some stock to secure cash for her living expenses.

In his judgment the trial court found that the shares of stock of the Southland Life Insurance Company carried on the books of the company in the name of Wilford J. Bohn were his separate property and set these shares of stock apart to him free from any claim of appellant.

The court made the same finding and decree in regard to the shares of stock in that company standing in the name of appellant.

The court further found that a 216 acre tract of land purchased by appellee during the marriage was the separate property of appellee and set over to him this tract of land, together with all improvements thereon and the farm equipment.

It is undisputed in the record that a down-payment of $6,400.00 was made on the purchase price of this land, $3,200.00 of which appellee secured from a sale of Southland Life Insurance Company stock. The balance of the down-payment was paid with the proceeds of a bank loan. The note given for the balance of the purchase price in the sum of $22,680.00 was executed by appellee alone, and was secured by the vendor's lien and a deed of trust. Neither this note, nor the note given the bank for $3,200.00 to complete the down-payment, contained any recitations limiting the liability of the community estate or providing that it should be paid from appellee's separate estate. The deed, however, recited that the downpayment was made by appellee out of his separate property, and purported to convey the land to appellee as his separate property.

The decree recited that all other property in the possession of the parties, except for specified properties held for the benefit of their minor children, "is community property of the parties hereto" and proceeded to divide it. Appellant was given the community homestead together with all household furniture, furnishings, appliances, silver, china, glassware, her personal clothing, jewelry, her automobile, one-half of the balance in certain bank accounts, and other items. She was required to assume the indebtedness on the homestead. Appellee was given his automobile, certain firearms, his personal effects, office furniture, law books, accounts

receivable, his business bank account, and other items.

Appellant's principal points of error concern the action of the trial court in failing to set aside the gift of stock made by her to appellee, and in finding the Houston County farm to be appellee's separate property.

■ The trial court erred in his conclusion that the Houston County farm constituted the separate property of appellee. In the absence of evidence to support a finding that the vendor's lien note executed during the marriage by appellee would be paid out of the separate property of appellee, it necessarily follows that a portion of the purchase price was paid by the community, since by presumption and legal effect the note is a community obligation. That portion of the down-payment paid with the funds acquired by a bank loan must be deemed paid with community funds. The community furnished $25,880.00 of the total consideration of $28,080.00, and thereby acquired a pro tanto ownership in the property. Broussard v. Tian, 156 Tex. 371, 295 S.W.2d 405 (1956).

The trial court is authorized by Article 4638, Vernon's Ann.Civ.St., to divide the property of the parties as he shall deem just and right, "having due regard to the rights of each party and their children, if any," but the trial court may not divest either party of title to real estate owned in his or her separate right. Hailey v. Hailey, 160 Tex. 372, 331 S.W.2d 299, 1960; Reardon v. Reardon, 163 Tex. 605, 359 S.W.2d 329, 1962; Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21, 1923.

■ The statute has been construed to mean that the separate property should be restored to its owners, respectively, and that such division of the community be made as may seem just and right. Fitts v. Fitts, 14 Tex. 443; Puckett v. Puckett, 205 S.W.2d 124, Tex.Civ.App., Texarkana, 1947.

It is well settled, however, that when circumstances require it, the trial court may divide the separate personal property of the parties in such manner as may seem just and right. Ex Parte Scott, 133 Tex. 1, 123 S.W.2d 306, 1939; Fuhrman v. Fuhrman, 302 S.W.2d 205, Tex.Civ.App., El Paso, 1957; Grant v. Grant, 351 S.W.2d 897, Tex.Civ.App., Waco, 1961, error dism., woj.

In spite of the broad discretion vested in the trial court in making a division of the property of the parties, the error of the court in determining the status of the Houston County land as being a part of the separate estate of appellee constitutes harmful error, and requires that the case be reversed for a new trial. Since the trial court was of the opinion that this property was not a part of the community estate, it follows that he was of the opinion that it could not be divided between the parties for such action would result in divesting appellee of title to separate real estate. His discretion, therefore, could not have been properly exercised in decreeing the division of the property of the parties.

■ The trial court refused to set aside appellant's gift of the Southland Life Insurance Company stock to appellee. In so doing he impliedly found that the gift was not a result of undue influence, duress, or any species of fraud practiced on appellant by appellee. He also impliedly found that appellee did not promise to reconvey the stock to appellant in the event of their being divorced. The trial court erred in making these findings since they are not supported by the evidence.

In Mills v. Gray, 147 Tex. 33, 210 S.W. 2d 985, 1948, Mrs. Gray conveyed some property to one of her sons. Later the property was sold with her knowledge and consent, and other property purchased with

the proceeds. Mrs. Gray sued her son, alleging that the property was conveyed to him with an understanding that he would reconvey it to her after she was divorced, or, if the property was sold, that he would divide the proceeds with her and his brothers and sisters. The trial court refused to admit evidence of the parol trust. The Supreme Court held that the testimony was erroneously excluded and affirmed the judgment of the Court of Civil Appeals reversing the trial court.

■ The Supreme Court held that where at the time of a transfer of property the transferee was in a confidential relation to the transferor, and the transferor relied upon his oral promise to reconvey the property, he is chargeable as a constructive trustee of the property for the transferor. In so holding the Court quoted with approval from Restatement of The Law, Vol. 1, Sec. 44, p. 135; 54 Am.Jur. 178, Sec. 233; and Scott on Trusts, Vol. 1, 253, Sec. 44.2.

■ The relationship of husband and wife ordinarily is a fiduciary relationship. In Thigpen v. Locke, 363 S.W.2d 247, Tex. Sup.1962, the court quotes from the Restatement of Restitution, § 182, Comment on Clause (b), p. 735, as follows (a confidential relationship exists) " * * * where, because of family relationship or otherwise, the transferor is in fact accustomed to be guided by the judgment or advice of the transferee or is justified in placing confidence in the belief that the transferee will act in the interest of the transferor."

In Fitz-Gerald v. Hull, 150 Tex. 39, 237 S.W.2d 256, 1951, the court quotes with approval the following passage from Sec. 227, 54 Am.Jur., "Trusts," pp. 174–175:

"An unfair transaction between a confider and a confidant or fiduciary, at least where the confidence is induced by a fiduciary relationship between the parties, gives rise to a constructive trust in respect of any unjust enrichment of the confidant or fiduciary. Where such a transaction is attacked, the burden of proof is on the confidant or fiduciary to establish the fairness of the transaction, and to this end he must fully disclose the facts and circumstances, and affirmatively show his good faith and the absence of pressure or influence on his part in the matter."

In Archer v. Griffith, 390 S.W.2d 735, Tex.Sup.1965, the court said: "The relation between an attorney and his client is highly fiduciary in nature, and their dealings with each other are subject to the same scrutiny, intendments and imputations as a transaction between an ordinary trustee and his cestui que trust. 'The burden of establishing its perfect fairness, adequacy, and equity, is thrown upon the attorney, upon the general rule, that he who bargains in a matter of advantage with a person, placing a confidence in him, is bound to show that a reasonable use has been made of that confidence; a rule applying equally to all persons standing in confidential relations with each other.' Story, Equity Jurisprudence, 7th ed. 1857, § 311. This principle has always been recognized by the Texas courts. Cooper v. Lee, 75 Tex. 114, 12 S.W. 483; Holland v. Brown, Tex.Civ.App., 66 S.W.2d 1095 (writ ref.); Bell v. Ramirez, Tex.Civ.App., 299 S.W. 655 (writ ref.)."

In Riley v. Wilson, 86 Tex. 240, 24 S.W. 394 (1893), the court held that a wife could make a valid gift of her separate property to her husband, and in the opinion quoted from Story, Equity Jurisprudence, 1395, as follows:

"Upon this subject the doctrine is now firmly established in equity that she may bestow her separate property, by appointment or otherwise, upon her husband, as well as upon a stranger; but at the same time courts of equity examine every such transaction between husband and wife with an anxious watchfulness and caution, and dread of undue influence."

■ Since the fairness and validity of the transaction has been brought into question by the testimony of appellant, appellee had the burden of showing the fairness of the transaction and he has failed to meet this burden.

■ Appellee has urged that appellant's cause of action to set aside the gift of stock is barred by the applicable statute of limitations. Since appellee was married at the time the property was transferred and has been married until this action was brought, her action is not barred. Article 5535, V.A. C.S.; Deaton v. Rush, 113 Tex. 176, 252 S.W. 1025 (1923); Carl v. Settegast, 237 S.W. 238 (Tex.Com.App.1922); Bartholomew v. Bartholomew, 264 S.W. 721 (Tex. Civ.App., 1924); Moore v. Moore, 225 S.W. 78 (Tex.Civ.App., San Antonio 1920).

■ While there is no direct testimony that appellee told appellant that he wanted to hypnotize her and that she agreed to cooperate to that end, this is a reasonable conclusion to be drawn from the testimony. It appears that the trial court refused to admit testimony of the conclusion that he did hypnotize her, but admitted testimony as to what was said on these occasions. In this the trial court did not err.

■ The trial court erred in refusing to permit an attorney to testify, in answer to a hypothetical question fairly summarizing the evidence as to the work performed by appellant's attorney, what sum of money would constitute a reasonable attorney's fee.

■ Points of error were directed at that portion of the judgment permitting appellee to have the children visit with him for two weeks during the summer. The order is sufficiently certain and was not an abuse of discretion.

Other points of error are presented and have been carefully considered. None of them constitute error requiring a reversal of this case.

The judgment of the Trial Court awarding a divorce to appellant and awarding her custody of the children is not disturbed. Otherwise the judgment, including the provisions awarding visitation rights, determining the amount of support to be paid by appellee, and dividing the property of the parties, is severed and is reversed and remanded for a new trial.

Reversed and remanded.

### On Motions for Rehearing

Appellee complains that this Court erred in considering points of error concerning the action of the trial court in finding that the shares of stock acquired by appellee from his wife constituted his separate property because the trial court lacked jurisdiction to set aside the gifts made by the wife through the instrumentality of a trustee. This argument is based on the limited jurisdiction of the Court of Domestic Relations.

■ By Article 2338–11a the Harris County Court of Domestic Relations No. 4 is given jurisdiction concurrent with the District Courts of all divorce cases, including the adjudication of property rights and all other matters involving justiciable controversies between spouses. It was not given jurisdiction to adjudicate disputes as to property rights between husband and wife and third parties. Rose v. Hatten, 417 S.W. 2d 456 (Tex.Civ.App., Houston 1966).

Appellee seeks to bring this case under Rose v. Hatten by pointing out that appellant sued to set aside the instrument by which she, joined by her husband, conveyed the stock to Dee Brown Walker, Trustee, "in trust, for the sole and only purpose of conveying the same to Wilford J. Bohn." Thereafter the trustee transferred the stock by instrument in writing to Bohn and caused the stock to be issued to him. Other shares of stock were transferred by Mrs. Bohn to her husband using the same device. The instruments contained warranties. It is appellee's position that these instruments

cannot be set aside unless the trustees were made parties, and that if they were made parties the Court of Domestic Relations would not have jurisdiction since there would be a controversy involving title to property between a husband and wife and third parties.

■ It is well settled that one who desires to create an express, private trust must give his trustee affirmative powers and duties. In the absence of such powers and duties the trust is passive or dry, and legal title, not merely an equitable interest, passes to the cestui que trust. There is respectable authority that the duty of executing a deed to a named cestui que trust is not such a duty as will prevent title from vesting immediately. Bogert, Trusts and Trustees, 2d Ed., § 206. See Moore v. City of Waco, 85 Tex. 206, 20 S.W. 61 (1892); Brown v. Harris, 7 Tex.Civ.App. 664, 27 S.W. 45 (1894); Clark v. Wisdom, 403 S.W.2d 877 (Tex.Civ.App., Corpus Christi 1966).

■ In any event the trustee had transferred the stock in accordance with the trust instrument when this suit was instituted and the trust had terminated. The trustee never had any equitable interest in the stock. There could be no liability under the trustee's warranty since the trust was executed and there was no monetary consideration. Ragsdale v. Ragsdale, 172 S.W.2d 381 (Tex.Civ.App., Galveston 1943), aff'd 142 Tex. 476, 179 S.W.2d 291.

It is our opinion that Dee Brown Walker was not a necessary party to this suit to set aside the instruments in question. The fact that the trustee was not made a party apparently did not bother the court in Ragsdale v. Ragsdale, 142 Tex. 476, 179 S.W.2d 291 (Tex.Com.App.1944, opinion adopted), a suit to set aside a trust agreement, nor the court in Caffey's Ex'rs et al. v. Caffey, 12 Tex.Civ.App. 616, 35 S.W. 738 (1896). See also Golob v. Stone, 262 S.W.2d 536 (Tex.Civ.App., Texarkana 1953).

The motions for rehearing are overruled.