Bee HENDERSON, Appellant,

v.

Jessie Mae HENDERSON, Appellee.

No. 14659.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 7, 1968.

Rehearing Denied March 6, 1968.

Evans & Marshall, San Antonio, for appellant.

Newton & Newton, Del Rio, for appellee.

BARROW, Chief Justice.

This is an appeal from a judgment rendered on July 27, 1967, partitioning the community estate of the parties in a new suit filed subsequent to a divorce granted appellee on September 20, 1966. Appellant urges that the trial court erred in failing to allow him reimbursement from community funds, for his separate funds traced into enhancement of the community property, and in awarding appellee in excess of one-half of the community estate.

The parties were married in 1938, and their only two children were adults at the time of the divorce decree. The trial court found, in the divorce decree, that the parties owned as community property certain household furniture and an equity in a house in Del Rio. This decree provided that appellee have the use and benefit of this property "until said property is sold or until further order is made by the Court." No other community property was mentioned in that decree.

On October 7, 1966, appellant filed this suit seeking an accounting of his separate property and a partition of the community estate. After a non-jury trial judgment was entered substantially as follows: (1) The house and furniture were awarded to and set aside unto appellee, subject to the vendor's lien against same. (2) Of the $13,126.87 cash on hand at the time of the divorce decree ⅖ths, or $1,750.26, was awarded to appellee, and the remaining 13/15ths, or $11,376.61, was awarded to appellant. (3) One-half of the stipulated cash surrender value of eight policies of life insurance on appellant's life was awarded to each party. (4) In accordance with the stipulation of the parties, appellee was awarded a 1961 Chevrolet sedan, and appellant, a 1964 pick-up truck. (5) A note executed by the couple's son, securing a lien on a 1963 Chevrolet automobile, was awarded equally to the parties. (6) The

personal effects of each were set aside to the party possessing same.

The parties operated the "Ten Mile Ranch" for many years during their marriage, until it was sold in September, 1963, for over $100,000. Neither party challenges the trial court's finding that at said time appellant owned 11/15ths of this ranch as his separate property and the community estate owned the other 4/15ths. After payment of liens against this ranch property, appellant deposited $62,289.97 in his bank account. He had been borrowing money from his step-mother for the couple's living expenses before this sale and he paid his stepmother over $5,000 in discharge of her loans. In addition, he paid off a loan of over $5,000 against his life insurance policies. By November 22, 1963, he had $49,000, remaining from the sale proceeds, on deposit in the bank account in his name. On this date he decided to keep the balance below $10,000 and therefore withdrew $39,000 from this account. Thereafter, $10,000 was deposited in an account in appellee's name from which she customarily paid their living expenses. The balance was deposited in another bank; with $10,000 being deposited in an account in his name, the same amount in appellee's name, and the remaining $9,000 in a joint account in both names. By the time of the divorce, only $13,126.87 of these funds remained on hand, and of this approximately $10,000 was in accounts in appellee's name.

■ Appellant urges that he is entitled to reimbursement for his separate monies spent on the car sold to the son and on the 1964 pick-up truck. It is seen that the parties agreed to a division of the vehicles by giving appellee the 1961 sedan and appellant the 1964 pick-up truck. Further, appellant in his direct testimony conceded that the note from their son was community property and said, "we will have to divide that." Under this testimony the trial court did not err in finding that this note is owned equally by the parties.

■ Appellant also urges that he should be reimbursed for repayment of the loan on his life insurance policies. The record supports an implied finding that such loan was used for living expenses of the parties. In Norris v. Vaughan, 152 Tex. 491, 260 S.W.2d 676, 683 (1953), it was held that a husband was not entitled to reimbursement for separate funds spent for community living expenses, since the husband was obligated to furnish support for the community living, and if no community funds are available he should utilize his separate funds. The trial court did not err in denying appellant reimbursement for the repayment of this loan against his life insurance policies from funds which were in part his separate property.

■ The primary question presented by appellant's second point is the status of the decree of September 20, 1966. It is well settled that Art. 4638, Vernon's Ann. Civ.St., puts the mandatory duty on the trial court to make a partition of the community property when the pleadings of either party show the existence of such property. In doing so, the trial judge is not required to divide the community property equally in that he should consider all the facts and circumstances shown by the evidence and then partition the community property, both personal and real estate, in such manner as may be just and right. Such discretion is subject to review by the appellate courts. Hailey v. Hailey, 160 Tex. 372, 331 S.W.2d 299 (1960); Ex parte Scott, 133 Tex. 1, 123 S.W.2d 306, 313 (1939); Pelham v. Sanders, 290 S.W.2d 684 (Tex. Civ.App.—Texarkana 1956, no writ); 15 Baylor Law Review 237.

■ It is equally well settled that "Where a husband and a wife, owning community property, are divorced without the court in its decree having made any division of such property in the divorce decree, they become tenants in common in the property or joint owners thereof, just as if they had never been married." Taylor v. Catalon, 140 Tex. 38, 166 S.W.2d 102, 104 (1942); Ex parte Williams, 160 Tex. 314, 330 S.W.2d 605 (1960); Manning v. Benham, 359 S.W.2d 927 (Tex.Civ.App.—Houston 1962, writ ref'd n. r. e.); Wade v. Wade, 295 S.W.2d 939 (Tex.Civ.App.—San Antonio 1956, no writ); McDaniel v. Thompson, 195 S.W.2d 202 (Tex.Civ.App. —San Antonio 1946, writ ref'd).

■ The trial court found here that it had expressly retained equitable jurisdiction in the divorce decree of and over the community real estate and furniture. This was the obvious purpose of the provision in the decree setting aside the house and furniture to appellee "until further order is made by the Court." If the court retained equitable jurisdiction over this property in the divorce action, it would have the power to award same to appellee. Reardon v. Reardon, 163 Tex. 605, 359 S.W.2d 329 (1962). In such event, however, the divorce decree would not be a final judgment. Angerstein v. Angerstein, 389 S.W. 2d 519 (Tex.Civ.App.—Corpus Christi 1965, no writ).

Here there was no attempt to consolidate this suit for partition with the original divorce decree. Cf. Richardson v. Milner, 345 S.W.2d 449 (Tex.Civ.App.—Amarillo 1961, writ ref'd n. r. e.). Furthermore, there is no appeal from, or attempt to review any of the provisions of, the divorce decree of September 20, 1966.

■ We conclude from this record that the real estate and household furniture placed in issue in the original divorce proceeding were not properly before the court in this new suit. The judgment of partition is therefore reformed to delete the adjudication of this property from said judgment.

As reformed, the judgment is affirmed.